# Exhibit 8



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

May 7, 2007

BY ELECTRONIC MAIL
Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
Times Square Tower
7 Times Square
New York, NY 10036

      Re:  In Re September 11 Litigation
           21 MC 97, 21 MC 101 (AKH)

Dear Mr. Barry:

      This letter responds to your request of March 6, 2007, for authorization to depose former Special Agent and Minneapolis Chief Division Counsel Coleen M. Rowley, pursuant to 28 C.F.R. § 16.21 *et seq.* According to your request, you seek to depose Special Agent Rowley regarding her participation in the investigation of Zacarias Moussaoui.

      The United States Department of Justice ("DOJ") has broad discretion to determine whether its employees shall be permitted to testify or produce documents in cases, such as this one, in which DOJ is not a party. *See* 28 C.F.R. § 16.21 *et seq.*; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989). This rule applies to both current and former DOJ employees. *See* 28 C.F.R. §§ 16.21(a), 16.22(a), 16.28(a). Department of Justice regulations prohibit any DOJ employee from producing documents or disclosing information "without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part." 28 C.F.R. § 16.22(a).

      We decline to authorize Special Agent Rowley's testimony in the above-referenced litigation and raise the following objections to the proposed deposition.

      First, the affidavit accompanying your *Touhy* request fails to satisfy DOJ's *Touhy* regulations, *see* 28 C.F.R. § 16.22(c), in that it fails to explain adequately how much of the testimony sought is relevant to the above-captioned matter. For example, the affidavit fails to explain, *inter alia*, why "information available to the FBI before September 11, 2001 regarding the likelihood of an attack by al Qaeda and/or Osama bin Ladin" is relevant to the question of the Aviation Defendants' alleged negligence, at least in the absence of any showing that such information was communicated to the Aviation Defendants. Your affidavit is additionally deficient in that it fails to set forth the basis for your assertion that Special Agent Rowley has

particular and personal knowledge with respect to the intelligence-related topics outlined in your request.

   Second, a significant amount of the information that you have requested is protected from disclosure because it involves classified national security information or matters protected by the law enforcement investigative privilege. *See* 29 C.F.R. §§ 16.26(a)(2), (b)(3)-(5). Moreover, the process of separating the classified information from the non-classified information, and making a determination whether the information should be withheld pursuant to the law enforcement investigative privilege, both would be an extremely difficult and burdensome task and would pose an unacceptable risk that classified information or law enforcement matters may be inadvertently disclosed. *See* Fed. R. Civ. P. 45(c)(3)(A)(i). This risk is heightened in the context of a deposition, where open-ended inquiries may elicit responses in which classified or privileged material is intertwined and not readily segregable.

   Third, some of the information contained in the testimony that you seek may be protected from disclosure by the deliberative process, attorney-client, work product, or other applicable privileges. To the extent you seek to elicit testimony protected by these privileges, your request is denied. *See* 29 C.F.R. § 16.26(a)(2).

   We reject your bald assertion that, because Special Agent Rowley has previously given testimony and made public statements regarding the Moussaoui investigation, "the FBI has already concluded" that disclosure of the information requested in your *Touhy* request "would not infringe an applicable privilege, violate a statute or regulation, reveal classified information, reveal a confidential source or informant, reveal investigative records or interfere with enforcement proceedings, or improperly reveal trade secrets." To the contrary, your request on its face implicates a vast amount of classified and privileged information that was not disclosed or waived by virtue of Special Agent Rowley's limited public statements on certain of the requested topics.

   Fourth, the testimony you seek may contain information that originated with other Government departments or agencies. Before the FBI can authorize testimony concerning such information, it must coordinate its responses with these other departments or agencies. This coordination process would place an undue burden on the FBI.

   Fifth, your request for testimony is overbroad and unduly burdensome. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv). Given the breadth of the request and the privileges and exemptions that may apply, it would impose an undue burden on the FBI to segregate the information that may be disclosable and then to prepare Special Agent Rowley to testify about these materials. *See, e.g., Linder v. NSA*, 94 F.3d 693, 697-98 (D.C. Cir. 1996) (quashing subpoena in its entirety in light of burden on agency and privileged nature of majority of responsive documents).

   Sixth, your request runs afoul of Rule 26(b)(2) of the Federal Rules of Civil Procedure, which provides for limits on discovery that is cumulative, duplicative, or available through less burdensome channels. To the extent that you seek testimony concerning matters about which Special Agent Rowley has previously publicly testified, or information that can be derived from the 9/11 Commission Report or other public sources, such information is already in

the public record. Asking Special Agent Rowley to testify again concerning these matters not only would yield duplicative information but also would impose a significant and unnecessary burden on the FBI and Special Agent Rowley. Moreover, much of the requested information is also the subject of your November 3, 2006, and April 13, 2007, requests for the production of documents from the FBI, or, alternatively, is available through exhibits that were introduced into evidence in the Moussaoui trial. To the extent the FBI does release, or has released, documents on these topics, Special Agent Rowley's testimony will be duplicative.

Seventh, the wide breadth of the topics to be covered in your proposed deposition exceeds the scope of permissible discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

Please note that the objections noted in this letter are neither exclusive nor exhaustive. The FBI reserves the right to make further objections to the proposed deposition as necessary.

For all of the foregoing reasons, the FBI denies your request for the deposition of Special Agent Rowley. Please contact me if you have any questions.

Very truly yours,

By: /s/
MICHAEL J. GARCIA
United States Attorney

3