# Exhibit 11



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

May 7, 2007

BY ELECTRONIC MAIL
Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
Times Square Tower
7 Times Square
New York, NY 10036

      Re:  In Re September 11 Litigation
           21 MC 97, 21 MC 101 (AKH)

Dear Mr. Barry:

      This letter responds to your request of March 6, 2007, for authorization to depose former Special Agent Erik T. Rigler, pursuant to 28 C.F.R. § 16.21 *et seq.*

      The United States Department of Justice ("DOJ") has broad discretion to determine whether its employees shall be permitted to testify or produce documents in cases, such as this one, in which DOJ is not a party. *See* 28 C.F.R. § 16.21 *et seq.*; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989). This rule applies to both current and former DOJ employees. *See* 28 C.F.R. §§ 16.21(a), 16.22(a), 16.28(a). Department of Justice regulations prohibit any DOJ employee from producing documents or disclosing information "without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part." 28 C.F.R. § 16.22(a).

      We decline to authorize Special Agent Rigler's testimony in the above-referenced litigation and raise the following objections to the proposed deposition.

      First, the affidavit accompanying your *Touhy* request fails to satisfy DOJ's *Touhy* regulations, *see* 28 C.F.R. § 16.22(c), in that it fails to explain adequately how much of the testimony sought is relevant to the above-captioned matter. For example, the affidavit fails to explain, *inter alia*, why "information available to the FBI before September 11, 2001 regarding the likelihood of an attack by al Qaeda and/or Osama bin Ladin" is relevant to the question of the Aviation Defendants' alleged negligence, at least in the absence of any showing that such information was communicated to the Aviation Defendants. Your affidavit is additionally deficient in that it fails to set forth the basis for your assertion that Special Agent Rigler has particular and personal knowledge with respect to any of the topics outlined in your request.

Second, assuming *arguendo* that Special Agent Rigler did possess personal knowledge of the topics outlined in your request, a significant amount of the information that you seek is protected from disclosure because it involves classified national security information or matters protected by the law enforcement investigative privilege. *See* 29 C.F.R. §§ 16.26(a)(2), (b)(3)-(5). Moreover, the process of separating the classified information from the non-classified information, and making a determination whether the information should be withheld pursuant to the law enforcement investigative privilege, both would be an extremely difficult and burdensome task and would pose an unacceptable risk that classified information or law enforcement matters may be inadvertently disclosed. *See* Fed. R. Civ. P. 45(c)(3)(A)(i). This risk is heightened in the context of a deposition, where open-ended inquiries may elicit responses in which classified or privileged material is intertwined and not readily segregable.

Third, some of the information contained in the testimony that you seek may be protected from disclosure by the deliberative process, attorney-client, work product, or other applicable privileges. To the extent you seek to elicit testimony protected by these privileges, your request is denied. *See* 29 C.F.R. § 16.26(a)(2).

We reject your bald assertion that, because Special Agent Rigler testified at the criminal prosecution of Zacarias Moussaoui, "the FBI has already concluded" that disclosure of the information requested in your *Touhy* request "would not infringe an applicable privilege, violate a statute or regulation, reveal classified information, reveal a confidential source or informant, reveal investigative records or interfere with enforcement proceedings, or improperly reveal trade secrets." Special Agent Rigler was not employed by the FBI at the time he provided testimony at the Moussaoui trial, nor did he testify as to information he obtained in his official capacity as an FBI Special Agent. Indeed, contrary to the assertion in your affidavit, Special Agent Rigler did not testify as an expert witness for the defense at the Moussaoui trial. Rather, as a summary witness pursuant to Fed. R. Evid. 1006, Special Agent Rigler's only role at the Moussaoui trial was to summarize for the jury information contained in a chapter of the Report of the Department of Justice's Office of Inspector General. Accordingly, your request on its face implicates a vast amount of classified and privileged information that was not disclosed or waived by virtue of Special Agent Rigler's limited public testimony at the Moussaoui trial.

Fourth, the testimony you seek may contain information that originated with other Government departments or agencies. Before the FBI can authorize testimony concerning such information, it must coordinate its responses with these other departments or agencies. This coordination process would place an undue burden on the FBI.

Fifth, your request for testimony is overbroad and unduly burdensome. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv). Given the breadth of the request and the privileges and exemptions that may apply, it would impose an undue burden on the FBI to segregate the information that may be disclosable and then to prepare Special Agent Rigler to testify about these materials. *See, e.g., Linder v. NSA*, 94 F.3d 693, 697-98 (D.C. Cir. 1996) (quashing subpoena in its entirety in light of burden on agency and privileged nature of majority of responsive documents).

Sixth, your request runs afoul of Rule 26(b)(2) of the Federal Rules of Civil Procedure, which provides for limits on discovery that is cumulative, duplicative, or available

2

through less burdensome channels. To the extent that you seek testimony concerning matters about which Special Agent Rigler has previously publicly testified, or information that can be derived from the 9/11 Commission Report, the Report of the Department of Justice's Office of the Inspector General, or other public sources, such information is already in the public record. Asking Special Agent Rigler to testify again concerning these matters not only would yield duplicative information but also would impose a significant and unnecessary burden on the FBI and Special Agent Rigler. Moreover, much of the requested information is also the subject of your November 3, 2006, and April 13, 2007, requests for the production of documents from the FBI, or, alternatively, is available through exhibits that were introduced into evidence in the Moussaoui trial. To the extent the FBI does release, or has released, documents on these topics, Special Agent Rigler's testimony will be duplicative.

Seventh, the wide breadth of the topics to be covered in your proposed deposition exceeds the scope of permissible discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

Please note that the objections noted in this letter are neither exclusive nor exhaustive. The FBI reserves the right to make further objections to the proposed deposition as necessary.

For all of the foregoing reasons, the FBI denies your request for the deposition of Special Agent Rigler. Please contact me if you have any questions.

Very truly yours,

By: _____
MICHAEL J. GARCIA
United States Attorney

3