# Exhibit 26

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>ZACARIAS MOUSSAOUI, )<br>)<br>Defendant. )<br>)<br>ALL PLAINTIFFS NAMED IN )<br>21 MC 97, 21 MC 101, AND 03 CV )<br>9849 )<br>)<br>Movants- )<br>Intervenors. )<br>) | Criminal No. 01-455-A |

## MOTION FOR ACCESS TO CERTAIN PORTIONS OF THE RECORD

Come now the 9/11 families moving to Intervene ("Movants") and, for their motion for access to certain portions of the record, respectfully state:

In this criminal prosecution, Zacarias Moussaoui has pleaded guilty to charges involving conspiracy to commit acts of terrorism, to commit aircraft piracy, to destroy aircraft, to use airplanes as weapons of mass destruction, to murder government employees, and to destroy property, all in connection with the terrorist attacks on the United States on September 11, 2001.

The events of September 11, which form the basis of the charges against Moussaoui, have generated intense public interest and concern – not just in the United States, but also throughout the world. These proceedings, and the record herein, implicate not just the fundamental fairness of the American judicial system as it relates to the defendant, but also profound issues of national policy and the administration's war on terrorism.

Though the proceedings in this matter are indeed significant for all of America, their import to the victims of the terrorist attacks is tremendous, particularly in light of the seriousness of the revelations made before this Court regarding the TSA and aviation defense counsel in the civil cases. In the civil litigation arising from the events of September 11, 2001, Movants have alleged, inter alia, that the aviation defendants' negligence was a cause of the attacks. The defendants include the airport authorities, the airlines and the security companies charged under law with aviation security, including the screening of passengers. The evidence supplied by the government to the Moussaoui defense lawyers in this case is highly relevant to the claims which have been asserted by the Movants in the civil litigation. The evidence illustrates the vast amount of information available to the aviation industry regarding the risk of terrorist attacks and is relevant to the duties owed by the industry to their passengers and to those injured on the ground.

Movants' numerous attempts at simply obtaining access to these documents for use in the civil litigation have been met with unreasonable opposition by the TSA, unacceptable collusion between the TSA and the attorneys representing the airline defendants. As this Court noted on March 21, 2006, in discussing the actions of Carla Martin in the Moussaoui trial, "I have an image now of a person who perhaps out of overzealousness or whatever the motivation or *loyalty to the aviation industry* in trying to protect her clients from civil liability, for whatever motivation, was way across the line in what is appropriate behavior for an attorney, let alone a government attorney." Moussaoui Trial Transcript, March 21, 2006 ("Transcript"), at p. 13. The Court went on to note that there "would appear to be is Ms. Martin may have been wearing two hats in the matter; that is, if she's defending – or assisting in the defense of some FAA people in a civil case and then assisting you with discovery in a criminal case..." *Id* at p. 43. The chain of emails between Carla Martin and others including descriptions of discussions with her friends

2

Jeffrey Ellis and Christopher Christianson ordered to be released by this Court on March 13, 2006, further illustrated the lengths the TSA is going to in an effort to prevent the Movants from obtaining access to these documents.

Despite the fact that the "acid test" for determining whether in fact something is SSI or not is simply whether the disclosure would result in "ongoing jeopardy to the safety" of air travel, *See* Transcript at pp. 31, 26, the TSA has sought to prevent the discovery of all documents by declaring everything SSI a fact which even Assistant U.S. Attorney Mr. Novak pointed out when he said "we were basically told, look, the whole item is SSI," Transcript at p. 37. The TSA's direction to Mr. Novak and the prosecution lawyers is directly contrary to a specific direction from Congress to identify paragraph-by-paragraph what is SSI. See Conference Report 109-241 at 37 (Conference Report to accompany H.R. 2360, "Making Appropriations for the Department of Homeland Security for the Fiscal Year Ending September 30, 2006, and for other purposes.") In that report, Congress specifically directed the TSA to ensure that classified and SSI documents were clearly identified in a paragraph-by-paragraph manner, which paragraphs contain classified information and which do not. "This is consistent with actions taken by other federal agencies." The unreasonableness of the TSA's position was summed up further when Mr. Novak went on to note on that same day in Court "some of this stuff from back in 1995, 1996, '97, '98, the one about KSM, the one that you said had to go in the fact that it had his picture and his name and all that type of stuff, there can't be a threat to ongoing airline security…" Transcript at p. 37.

The First Amendment and the common law each guarantee the public a right of access to judicial records filed in connection with criminal proceedings – including transcripts of trial proceedings and documents admitted in evidence. See *In Re: Associated Press, et. al.*, 2006 WL 752044 (4th Cir. 2006), citing *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999). While the

3

public's rights of access are not absolute, they can be overcome only in extremely limited circumstances, and only upon specific factual findings by the Court. The First Amendment-based right of access, for example, may be denied only where there is a "substantial probability" that an equally compelling interest would be harmed by such access and there are *no* alternative measures that would adequately protect the competing interest—and even then, any limitation on the right of access must be narrowly drawn to avoid any unnecessary interference with the public's right to information about a criminal prosecution.

1. With respect to any and all documentary exhibits which have been admitted into evidence and fully published to the jury, the Fourth Circuit recently ordered that full and contemporaneous access to those documents must be provided to the Media-Intervenors. For the reasons set forth in detail in the accompanying Memorandum of Law, and for the reasons stated in the Fourth Circuit's Order, the Movants should be provided with similar access.

2. With respect to any and all documentary exhibits which have been admitted into evidence but which have not yet been fully published to the jury, the Fourth Circuit affirmed this Court's February 14, 2006, Order holding that those documents should not be turned over to Media-Intervenors at this time due to the fact that the "administrative burdens, to the court and to the parties, associated with requiring piecemeal access to partially admitted exhibits justify a refusal to provide access to admitted exhibits until they have been fully published to the jury." At p. 7. As this Court correctly noted in its Order dated February 14, 2006, before the jury begins its deliberations "the admitted exhibits are sent into the jury room." For the reasons set forth in detail in the accompanying Memorandum of Law, including the fact that once a document has been introduced into evidence and turned over to the jury it becomes a public document, the Movants should be provided with access to copies of those documents at a time no later than the day after the documentary exhibits have been sent into the jury room and jury

deliberations have begun or within forty-eight (48) hours after the return of the jury's verdict whichever procedure creates the lesser administrative burden.

3. With respect to any documentary evidence provided by the Government to attorneys representing Defendant Moussaoui pursuant to the Protective Order For Sensitive Aviation Security Information entered by this Court on June 11, 2002, as well as any documentary evidence introduced into evidence but not turned over the jury either in whole or in part, for the reasons set forth in detail in the accompanying Memorandum of Law, attorneys representing the Movants should be given access to that documentary evidence as well. Attorneys representing Defendant Moussaoui – the man who confessed to playing an important role in the September 11, 2001, attacks which killed or injured the family members of the Movants – should not be given a greater level of access to documentary evidence relating to those attacks than the attorneys representing victims, and family members of victims, who were brutally murdered on that day.

WHEREFORE, the Movants respectfully request that the Court enter an order providing the Movants with access to the aforementioned categories of documents.

Dated: March 30, 2006

Respectfully submitted,

By: /s/
David G. Barger, Esq. (VA Bar #21652)
**WILLIAMS MULLEN**
8270 Greensboro Drive, Suite 700
McLean, VA 22102

**MOTLEY RICE LLC**
Ronald L. Motley, Esq.
Jodi Westbrook Flowers, Esq.
Donald A. Migliori, Esq.
Michael E. Elsner, Esq.
Robert T. Haefele, Esq.
Justin B. Kaplan, Esq.
John M. Eubanks, Esq.

5

28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

**LIAISON COUNSEL FOR PERSONAL INJURY PLAINTIFFS' EXECTUIVE COMMITTEE IN 21 MC 97**

By: Marc S. Moller, Esq.
**KREINDLER AND KREINDLER LLP**
100 Park Avenue
New York, NY 10017

**LIAISON COUNSEL FOR PROPERTY DAMAGE PLAINTIFFS' EXECTUIVE COMMITTEE IN 21 MC 101**

By: Robert A. Clifford, Esq.
**CLIFFORD LAW OFFICES**
120 N. LaSalle Street, 31st Floor
Chicago, IL 60602

By: Richard A. Williamson, Esq.
**FLEMMING ZULACK WILLIAMSON ZAUDERER LLP**
One Liberty Plaza
New York, New York 10006

Counsel for Cross-Claim Plaintiffs
World Trade Center Properties LLC
1 World Trade Center LLC
2 World Trade Center LLC
4 World Trade Center LLC
5 World Trade Center LLC
7 World Trade Company, L.P.

**ATTORNEYS FOR MOVANTS-INTERVENORS**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 30th day of March 2006, I caused true and correct copies of the foregoing Motion for Access to Certain Portions of the Record to be served by the means indicated, upon counsel for the parties as follows :

**By Federal Express**
Gerald T. Zerkin, Esq.
Kenneth P. Troccoli, Esq.
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314

**By Federal Express**
Edward B. MacMahon, Jr., Esq.
107 East Washington Street
Middleburg, Virginia 20117

**By Federal Express**
Robert A. Spencer, Esq.
David Novak, Esq.
David Raskin, Esq.
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314-5794

**By Federal Express**
Alan H. Yamamoto, Esq.
643 South Washington Street
Alexandria, Virginia 22314

/s/
_____
David G. Barger, Esq.