# Exhibit 36

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :
IN RE SEPTEMBER 11 LITIGATION   :       21 MC 97 (AKH)
                                                :
------------------------------------------------------------X


**PLAINTIFFS' RESPONSE TO AVIATION DEFENDANTS' SECOND
SET OF INTERROGATORIES TO WRONGFUL DEATH/PERSONAL
INJURY PLAINTIFFS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Wrongful Death/Personal Injury Plaintiffs ("Plaintiffs"), by and through the Wrongful Death/Personal Injury Plaintiffs' Executive Committee (the "PI/WD Plaintiffs' Executive Committee") hereby object and respond to Aviation Defendants' ("Defendants") Second Set of Interrogatories to Wrongful Death/Personal Injury Plaintiffs as follows:

## GENERAL RESPONSES AND OBJECTIONS

Plaintiffs make the following general objections to the Interrogatories. These objections are stated here to avoid restating them for each Interrogatory. The assertion of the same, similar, or additional objections in response to specific Interrogatory does not waive any of Plaintiffs' general objections. Plaintiffs reserve the right to amend or supplement these objections as may be appropriate.

Plaintiffs' responses as set forth herein are based upon information presently known to them. These responses are provided prior to the completion of all discovery, including depositions and responses to Plaintiffs' documentary demands to defendants. Plaintiffs therefore reserve the right (a) to rely on any facts, documents, or other evidence which may develop or subsequently come to their attention, (b) to assert additional objections or supplemental

INTERROGATORY NO. 4: Do plaintiffs claim that any or all of the defendants had a duty to provide 100% screening of prohibited and/or restricted items and, if not, what percentage of these items do plaintiffs claim the defendants should have "reasonably" detected? Set forth the basis for any such claims. Respond separately as to each defendant.

**RESPONSE: Plaintiffs incorporate all general objections as if fully set forth herein. Plaintiffs further object upon the grounds the Interrogatory is vague, ambiguous and defective in its form, it is an improper contention interrogatory, it improperly calls for a legal conclusion as to the duty owed by defendants, it calls for information that cannot be supplied at this time without the benefit of additional discovery, it improperly calls for information that will be the subject of expert testimony and it violates Rules 33.3 (b) and (c) of the Local Rules and Rule 33(a) of the Federal Rules of Civil Procedure. Without waiving their objections, and subject to them, Plaintiffs respond that defendants owed a duty to exercise the degree of care required under the circumstances including the duty to comply with all applicable provisions of law, including Section 2A of the ACSSP.**

INTERROGATORY NO. 5: Do plaintiffs claim that any or all of the defendants breached a duty to anyone or anything by only using screening equipment and flight deck doors that were certified and approved by the FAA? If so, set forth the basis for any such claims. Respond separately as to each defendant.

**RESPONSE: Plaintiffs incorporate all general objections as if fully set forth herein. Plaintiffs further object upon the grounds the Interrogatory is vague, ambiguous and defective in its form, it is an improper contention interrogatory, it improperly calls for a legal conclusion, it calls for information that cannot be supplied at this time without the**

benefit of additional discovery, it improperly calls for information that will be the subject of expert testimony and it violates Rules 33.3 (b) and (c) of the Local Rules and Rule 33(a) of the Federal Rules of Civil Procedure. Without waiving these objections and subject to them, Plaintiffs respond that the FAA set minimum standards, and the Defendants owed a duty to implement those protective measures they knew or should have known were required under the circumstances.

INTERROGATORY NO. 6: What are the "reasonable measures to ensure the subject aircraft were safe and secure from danger," as alleged in paragraph 117 of the Complaint, which plaintiffs claim the defendants should have taken before September 11, 2001 but did not take? Respond separately as to each defendant.

RESPONSE: Plaintiffs incorporate all general objections as if fully set forth herein. Plaintiffs further object upon the grounds the Interrogatory is vague, ambiguous and defective in its form, it is an improper contention interrogatory, it improperly calls for a legal conclusion, it calls for information that cannot be supplied at this time without the benefit of additional discovery, it improperly calls for information that will be the subject of expert testimony and it violates Rules 33.3 (b) and (c) of the Local Rules and Rule 33(a) of the Federal Rules of Civil Procedure. Without waiving these objections and subject to them, Plaintiffs respectfully refer defendants to the allegations made in their Master Complaints, and state further that the measures defendants failed to implement to ensure the subject aircraft were safe and secure from danger included but are not limited to:

> Failing to adequately develop, operate, maintain, supervise and control an airline and airport security system that would ensure the safety of and protect passengers and the public, including Plaintiffs, against criminal violence, air piracy and terrorism;