UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
AMERICAN AIRLINES, INC., ET AL.,  : 07 Civ. 7051 (AKH)
      Plaintiffs, :
:
   -against- : This document relates to:
: 21 MC 101 (AKH)
FEDERAL BUREAU OF INVESTIGATION, :
ET AL., :
      Defendants. :
:
------------------------------------------------------------X

### COUNTER STATEMENT PURSUANT TO LOCAL RULE 56.1 IN OPPOSITION TO THE AVIATION DEFENDANTS' MOTION FOR SUMMARY JUDGMENT SETTING ASIDE THE FEDERAL BUREAU OF INVESTIGATION'S REFUSAL TO ALLOW THE DEPOSITIONS OF CERTAIN WITNESSES

Plaintiffs in the case *In re September 11 Business Loss and Property Damage Litig.*, 21 MC 101 (AKH) (the "September 11 Litigation"), respectfully submit this counter statement, pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, in opposition to the Aviation Defendants' motion for summary judgment in the above-captioned action (the "APA Action").

    1.    Plaintiffs deny the statement asserted in paragraph "1" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, and it is not followed by citation to "evidence which would be admissible," Local Civil Rule 56.1(d), or to evidence that was presented to the Federal Bureau of Investigation ("FBI") by the Aviation Defendants when they requested the depositions of the five FBI witnesses (the "FBI Witnesses"). *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) (when reviewing agency's decision, the "focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). Notwithstanding this, Plaintiffs do not dispute that on

the morning of September 11, 2001, 19 terrorist hijackers hijacked and crashed four commercial aircraft within the United States. *See generally* Proposed Stipulation of Facts proposed by Plaintiffs in the September 11 Litigation (Exh. 42 to the June 17, 2008 Declaration of Richard A. Williamson ("Williamson Decl.")).

2. Plaintiffs deny the statements asserted in paragraph "2" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, and they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses. Notwithstanding this, Plaintiffs do not dispute that one group of hijackers crashed American Airlines Flight 11 into One World Trade Center and that a second group of hijackers crashed United Airlines Flight 175 into Two World Trade Center. *See* Proposed Stipulation of Facts (Exh. 42 to the Williamson Decl.), at ¶¶ 8-105.

3. Plaintiffs deny the statement asserted in paragraph "3" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, and it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses. Notwithstanding this, Plaintiffs do not dispute that a third group of hijackers crashed American Airlines Flight 77 into the Pentagon. *See* Proposed Stipulation of Facts (Exh. 42 to the Williamson Decl.), at ¶¶ 106-87.

4. Plaintiffs deny the statement asserted in paragraph "4" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, and it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five

FBI Witnesses. Notwithstanding this, Plaintiffs do not dispute that a fourth group of hijackers crashed United Airlines Flight 93 into a field in Shanksville, Pennsylvania. *See* Proposed Stipulation of Facts (Exh. 42 to the Williamson Decl.), at ¶¶ 188-291.

5. Plaintiffs deny the statements asserted in paragraph "5" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, and they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses. Notwithstanding this, Plaintiffs do not dispute that American Airlines Flight 77 was hijacked by five hijackers, Khalid al Mihdhar, Majed Moqed, Nawaf al Hazmi, Salem al Hazmi, and Hani Hanjour; that Khalid al Mihdhar and Majed Moqed checked in at the American Airlines ticket counter at Dulles at approximately 7:15 a.m.; that Nawaf al Hazmi and Salem al Hazmi checked in at approximately 7:29 a.m.; and that Hani Hanjour, who piloted the plane into the Pentagon, checked in sometime between 7:15 and 7:35 a.m. *See* Proposed Stipulation of Facts (Exh. 42 to the Williamson Decl.), at ¶¶ 106, 108, 114, 116.

6. Plaintiffs deny the statements asserted in paragraph "6" of the Aviation Defendants' Rule 56.1 Statement because they constitute legal conclusions, not statements of fact, and they mischaracterize Plaintiffs' claims in the September 11 Litigation. Notwithstanding this, Plaintiffs do not dispute that they have sued the Aviation Defendants to recover the damages that they suffered as a result of the Aviation Defendants' negligence and other wrongful conduct on September 11, 2001. *See* WTCP Plaintiffs' Flight 11 Complaint (Exh. 4 to the Williamson Decl.); WTCP Plaintiffs' Flight 175 Complaint (Exh. 5 to the Williamson Decl.); Sixth Amended Master Property Complaint Against Airline and Security Company Defendants; Fourth Amended Flight 11 Master Liability Complaint; Fourth Amended Flight 175 Master Liability Complaint;

Third Amended Flight 93 Master Liability Complaint; and Fourth Amended Flight 77 Master Liability Complaint (excerpts annexed as Exhs. 6, 7, 8, 9, 10 to the Williamson Decl.). Plaintiffs also do not dispute that the Court consolidated Plaintiffs' claims in the docket 21 MC 101.

7. Plaintiffs deny the statements asserted in paragraph "7" of the Aviation Defendants' Rule 56.1 Statement because they constitute legal conclusions, not material facts, and they mischaracterize the damages that Plaintiffs seek in the September 11 Litigation. Plaintiffs refer the Court to their pleadings for an accurate description of the damages sought in the September 11 Litigation. *See* WTCP Plaintiffs' Flight 11 Complaint (Exh. 4 to the Williamson Decl.); WTCP Plaintiffs' Flight 175 Complaint (Exh. 5 to the Williamson Decl.); Sixth Amended Master Property Complaint Against Airline and Security Company Defendants; Fourth Amended Flight 11 Master Liability Complaint; Fourth Amended Flight 175 Master Liability Complaint; Third Amended Flight 93 Master Liability Complaint; and Fourth Amended Flight 77 Master Liability Complaint (excerpts annexed as Exhs. 6, 7, 8, 9, 10 to the Williamson Decl.).

8. Plaintiffs do not dispute that, as asserted in paragraph "8" of the Aviation Defendants' Rule 56.1 Statement, the Aviation Defendants sent a letter, dated March 6, 2007, to the United States Attorney's Office for the Southern District of New York, requesting the depositions of the five FBI Witnesses in the September 11 Litigation. *See* March 6, 2007 letter from Desmond T. Barry, Jr., to AUSA Beth E. Goldman (Exh. 1 to the Declaration of Desmond T. Barry, Jr. ("Barry Decl.")).

9. Plaintiffs do not dispute that, as asserted in paragraph "9" of the Aviation Defendants' Rule 56.1 Statement, the Aviation Defendants sent five affidavits, all dated March 6, 2007, to the United States Attorney's Office for the Southern District of New York, in which

the Aviation Defendants explained why they believe they need to depose the five FBI Witnesses in the September 11 Litigation. *See* March 6, 2007 affidavits of Desmond T. Barry, Jr. (Exhs. 2-6 to the Barry Decl.).

10. Plaintiffs do not dispute that, as asserted in paragraph "10" of the Aviation Defendants' Rule 56.1 Statement, the FBI denied the Aviation Defendants' request to depose the five FBI Witnesses in five separate letters, all dated May 7, 2007. *See* May 7, 2007 letters from United States Attorney Michael J. Garcia to Desmond T. Barry, Jr. (Exhs. 7-11 to the Barry Decl.).

11. Plaintiffs deny the statement asserted in paragraph "11" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the trial in *United States v. Zacarias Moussaoui*, 01 cr 455 (E.D. Va.) (the "*Moussaoui* trial"). The question of whether any testimony from the *Moussaoui* trial is admissible in the September 11 Litigation is the subject of a separate motion pending in this Court. Even assuming that Special Agent Harry Samit were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.[1]

---

[1] Even if the testimony sought were relevant and material to the issues in this litigation, the facts contained in the testimony can be admitted by a much less burdensome stipulation. Plaintiffs already have proposed an extensive factual stipulation with respect to facts contained in *The 9/11 Commission Report, Final Report of the National Commission on Terrorist Attacks Upon the United States* (the "Commission Report"), the Staff Monograph and Statements. *See* Plaintiffs' Proposed Stipulation of Facts (Exh. 42 to the Williamson Decl.). If there are additional issues that the Court finds relevant and material, Plaintiffs are willing to propose factual stipulations related to those issues, as well.

5

12. Plaintiffs deny the statements asserted in paragraph "12" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

13. Plaintiffs deny the statement asserted in paragraph "13" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

14. Plaintiffs deny the statements asserted in paragraph "14" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as

he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

15.   Plaintiffs deny the statements asserted in paragraph "15" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

16.   Plaintiffs deny the statement asserted in paragraph "16" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

17.   Plaintiffs deny the statements asserted in paragraph "17" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of testimony that was

given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

18.     Plaintiffs deny the statements asserted in paragraph "18" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

19.     Plaintiffs deny the statements asserted in paragraph "19" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of the proceedings that were brought against Zacarias Moussaoui.

20.     Plaintiffs deny the statement asserted in paragraph "20" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of the proceedings that were brought against Zacarias Moussaoui.

21.     Plaintiffs deny the statement asserted in paragraph "21" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

22.     Plaintiffs deny the statement asserted in paragraph "22" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of statements in the Commission Report. Even assuming that Special Agent Samit were to testify consistently with any statements attributed to him in the Commission Report, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

23.     Plaintiffs deny the statement asserted in paragraph "23" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as he did in

the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

24.     Plaintiffs deny the statement asserted in paragraph "24" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

25.     Plaintiffs deny the statement asserted in paragraph "25" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Samit were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

26.     Plaintiffs deny the statement asserted in paragraph "26" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of statements in the

Commission Report. Even assuming that Special Agent Coleen M. Rowley were to testify consistently with any statements attributed to her in the Commission Report, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

27.     Plaintiffs deny the statements asserted in paragraph "27" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of statements that Special Agent Rowley allegedly made in a letter to FBI Director Robert Mueller (a letter that itself will be inadmissible in the September 11 Litigation). Even assuming that Special Agent Rowley were to testify consistently with the statements in the letter, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

28.     Plaintiffs deny the statement asserted in paragraph "28" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that Special Agent Rowley allegedly gave to the Senate Judiciary Committee (testimony that itself will be inadmissible in the September 11 Litigation). Even assuming that Special Agent Rowley were to

testify consistently with any statements to the Senate Judiciary Committee, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

29.     Plaintiffs deny the statement asserted in paragraph "29" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Scott Billings were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

30.     Plaintiffs deny the statements asserted in paragraph "30" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Billings were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

31.     Plaintiffs deny the statement asserted in paragraph "31" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five

FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Special Agent Billings were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

32.     Plaintiffs deny the statement asserted in paragraph "32" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Michael Rolince were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

33.     Plaintiffs deny the statement asserted in paragraph "33" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Mr. Rolince were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

34.     Plaintiffs deny the statements asserted in paragraph "34" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Mr. Rolince were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

35.     Plaintiffs deny the statements asserted in paragraph "35" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Mr. Rolince were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

36.     Plaintiffs deny the statement asserted in paragraph "36" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at

the *Moussaoui* trial. Even assuming that Mr. Rolince were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

37.     Plaintiffs deny the statement asserted in paragraph "37" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of statements in the Commission Report. Even assuming that Mr. Rolince were to testify consistently with any statements attributed to him in the Commission Report, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

38.     Plaintiffs deny the statement asserted in paragraph "38" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Retired Special Agent Erik T. Rigler were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

39.     Plaintiffs deny the statement asserted in paragraph "39" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five

FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Retired Special Agent Rigler were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

40.    Plaintiffs deny the statements asserted in paragraph "40" of the Aviation Defendants' Rule 56.1 Statement because they do not state facts material to the APA Action, they are not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and they are the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Retired Special Agent Rigler were to testify exactly as he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

41.    Plaintiffs deny the statement asserted in paragraph "41" of the Aviation Defendants' Rule 56.1 Statement because it does not state facts material to the APA Action, it is not followed by citation to "evidence which would be admissible" or to evidence that was presented to the FBI by the Aviation Defendants when they requested the depositions of the five FBI Witnesses, and it is the Aviation Defendants' characterization of testimony that was given at the *Moussaoui* trial. Even assuming that Retired Special Agent Rigler were to testify exactly as

he did in the *Moussaoui* trial, that testimony would be irrelevant and unnecessary in the September 11 Litigation, for all the reasons discussed in Plaintiffs' brief.

Date: June 17, 2008
      New York, New York

FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

By: _____/s/_____
    Richard A. Williamson, Esq. (RW-3033)

One Liberty Plaza
New York, New York 10006
(212) 412-9500

*Liaison Counsel for Property Damage Plaintiffs*
*World Trade Center Properties LLC*
*1 World Trade Center LLC*
*2 World Trade Center LLC*
*3 World Trade Center LLC,*
  *formerly known as 5 World Trade Center LLC*
*4 World Trade Center LLC*
*7 World Trade Company, L.P.*
*Port Authority of New York and New Jersey*
    *-and-*
*Liaison Counsel for the Ground Defendants*


MOTLEY RICE LLC

By: _____/s/_____
    Donald A. Migliori, Esq.

28 Bridgeside Boulevard
Mount Pleasant, SC 29465
(843) 216-9000

*Liaison Counsel for the Wrongful Death and Bodily Injury Plainitiffs*