# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
IN RE SEPTEMBER 11, 2001 LITIGATION        :
                                                            :
------------------------------------------------------------x

21 MC 101 (AKH)

JURY TRIAL DEMANDED

## SIXTH AMENDED MASTER PROPERTY COMPLAINT AGAINST AIRLINE AND SECURITY COMPANY DEFENDANTS

Plaintiffs,[1] by their respective attorneys complaining of defendants[2] herein, upon knowledge as to themselves and their own acts, upon information and belief as to all other matters, and upon the opinion of this Court in *In re September 11, 2001 Litigation*, 280 F.Supp.2d 279 (S.D.N.Y. 2003), respectfully state and allege as set forth below. Plaintiffs believe that the information and belief allegations have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

---

[1] The caption for each individual Complaint is attached as Appendix A. The counts incorporated from each individual Complaint into this Master Property Complaint Against Ground Defendants are set forth in Appendix A-1. To the extent any cause of action in any individual Complaint is not incorporated into this Fifth Amended Master Property Complaint or into the Master Property Complaint Against Ground Defendants, such causes of action shall be as set forth in the individual Complaint.

[2] The term "defendants" as used herein refers to those defendants being sued by each plaintiff, respectively, as set forth in Appendices A and B. Several plaintiffs that are a party to this master complaint do not allege fault or liability on the part of the Massachusetts Port Authority ("Massport"). Only certain complaints, as set forth in Appendix C, allege Massport's fault or liability. Therefore, any allegation containing a reference to Massport, or expressly or implicitly assigning fault or liability to Massport should not be attributed to any plaintiff other than those who assert claims against Massport as set forth in Appendix C.

{00147047.DOC;2}

## COUNT I

## CLAIM FOR DAMAGES AGAINST THE AIRLINE DEFENDANTS AND THE SECURITY COMPANY DEFENDANTS BASED ON NEGLIGENCE

116.    Plaintiffs repeat and restate each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

117.    Plaintiffs suing on this Count I, and the specific defendants complained against by each of them, are set forth in Appendix C attached hereto.

118.    On and prior to September 11, 2001, and at all times pertinent hereto, the Airline Defendants and the Security Company Defendants, by and through their officers, agents, employees, servants or representatives, had an independent, joint and several, and nondelegable duty to plaintiffs to safeguard the subject aircraft; to prevent hijackers from breaching the airline and airport security systems and carrying dangerous weapons aboard the subject aircraft; to take reasonable measures to ensure the subject aircraft were safe and secure from danger; and to prevent the operation of the subject aircraft from causing injury or death to passengers and the public, or property damage to plaintiffs, such as occurred on September 11, 2001.

119.    On and prior to September 11, 2001, and at all times pertinent hereto, the Airline Defendants contracted for security services with the Security Company Defendants and others for all flights departing from the subject airports.  The Airline Defendants breached the aforementioned non-delegable duties of care owed to plaintiffs through these contracts with the Security Company Defendants.

120.    On and prior to September 11, 2001, and at all times pertinent hereto, the Airline Defendants and the Security Company Defendants, by and through their respective officers, agents, employees, servants and/or representatives, also breached the aforementioned non-delegable duties

of care owed to plaintiffs by engaging in conduct that was reckless, negligent, wrongful, unlawful, careless, and/or in conscious disregard of the rights and safety of the passengers and the public, including plaintiffs and other property owners, by violating applicable rules and regulations, including Federal Aviation Regulations and industry standards, and further by creating unreasonable dangers, in that the Airlines Defendants and the Security Company Defendants:

(a)     Failed to adequately develop, operate, maintain, supervise and control an airline and airport security system that would ensure the safety of or protect passengers and the public, including plaintiffs and other property owners, against criminal violence, air piracy and terrorism;

(b)     Failed to adequately train, staff and equip the subject airports' airline and airport security systems;

(c)     Failed to improve and/or heighten airline and airport security despite knowledge and prior warnings of numerous security breaches, lapses, and terrorist threats to airline security;

(d)     Failed to properly screen and/or profile the hijackers and, consequently, allowed them aboard the subject aircraft with dangerous weapons;

(e)     Failed to adhere to proper security procedures, including FAA and internal airline/security guidelines, and other security directives;

(f)     Failed to properly scrutinize the hijackers' tickets and identification documents;

(g)     Failed to properly monitor security checkpoints, x-ray machines and metal detectors;

(h)     Failed to install state of the art security equipment and systems to prevent hijacking, and routinely failed to detect dangerous weapons in undercover investigations;

(i)     Failed to adequately protect the subject aircraft cockpits from unauthorized entry;

(j)     Failed to prevent the hijackers from entering the unprotected cockpits;

(k)     Failed to implement adequate safety and security measures to prevent hijacking;

(l)     Failed to equip the subject aircraft with secure cockpit doors and adequate locking mechanisms; and

(m)    Were otherwise negligent, and engaged in conduct that was negligent per se, reckless, wrongful, unlawful, careless, willful and/or in conscious disregard of the rights and property of the plaintiffs.

121.    It was foreseeable to the Airline Defendants and the Security Company Defendants that the aforementioned breaches of duties of care owed to plaintiffs could cause the property damage, business losses, and other related losses incurred by plaintiffs due to the damage to the Properties on September 11, 2001.

122.    As a direct and proximate result of the Airline Defendants' and the Security Company Defendants' breach of the aforementioned duties of care, the Properties suffered significant damages caused by the collapse of the subject buildings necessitating significant repair, replacement, restoration and/or rehabilitation.

123.    As a direct and proximate result of the conduct of all defendants, including Airline Defendants and the Security Company Defendants, plaintiffs sustained property damage, business losses, and other related losses. Therefore, all defendants are jointly and severally liable for damages sustained by plaintiffs, and plaintiffs are entitled to recover such damages to the extent allowed under applicable law.

## COUNT II

### CLAIM FOR DAMAGES AGAINST MASSPORT BASED ON NEGLIGENCE

124.    Plaintiffs repeat and restate each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

125.    Plaintiffs suing on this Count II are set forth in Appendix C attached hereto.

126.    On and prior to September 11, 2001, and at all times pertinent hereto, Massport, by and through its officers, agents, employees, servants or representatives, had an independent and nondelegable duty to plaintiffs to safeguard the subject aircraft; to prevent hijackers from breaching

the airline and airport security systems and carrying dangerous weapons aboard the subject aircraft; to take reasonable measures to ensure the subject aircraft were safe and secure from danger; and to prevent the operation of the subject aircraft from causing injury or death to passengers and the public, or property damage to plaintiffs, such as occurred on September 11, 2001.

127.   On and prior to September 11, 2001, and at all times pertinent hereto, Massport contracted for security services with the Security Company Defendants and others for all flights departing from the subject airports. Massport breached the aforementioned non-delegable duties of care owed to plaintiffs through these contracts with the Security Company Defendants.

128.   On and prior to September 11, 2001, and at all times pertinent hereto, Massport, by and through its officers, agents, employees, servants and/or representatives, also breached the aforementioned non-delegable duties of care owed to plaintiffs by engaging in conduct that was reckless, negligent, wrongful, unlawful, careless, and/or in conscious disregard of the rights and safety of the passengers and the public, including plaintiffs and other property owners, by violating applicable rules and regulations, including Federal Aviation Regulations and industry standards, and further by creating unreasonable dangers, in that Massport:

    (a)    Failed to adequately develop, operate, maintain, supervise and control an airline and airport security system that would ensure the safety of or protect passengers and the public, including plaintiffs and other property owners, against criminal violence, air piracy and terrorism;

    (b)    Failed to adequately train, staff and equip the subject airports' airline and airport security systems;

    (c)    Failed to improve and/or heighten airline and airport security despite knowledge and prior warnings of numerous security breaches, lapses, and terrorist threats to airline security;

    (d)    Failed to properly screen and/or profile the hijackers and, consequently, allowed them aboard the subject aircraft with dangerous weapons;

(e)     Failed to adhere to proper security procedures, including FAA and internal airline/security guidelines, and other security directives;

(f)     Failed to properly scrutinize the hijackers' tickets and identification documents;

(g)     Failed to properly monitor security checkpoints, x-ray machines and metal detectors;

(h)     Failed to install state of the art security equipment and systems to prevent hijacking, and routinely failed to detect dangerous weapons in undercover investigations;

(i)     Failed to adequately protect the subject aircraft cockpits from unauthorized entry;

(j)     Failed to prevent the hijackers from entering the unprotected cockpits;

(k)     Failed to implement adequate safety and security measures to prevent hijacking;

(l)     Failed to equip the subject aircraft with secure cockpit doors and adequate locking mechanisms; and

(m)     Were otherwise negligent, and engaged in conduct that was negligent per se, reckless, wrongful, unlawful, careless, willful and/or in conscious disregard of the rights and property of the plaintiffs.

129.    It was foreseeable to Massport that the aforementioned breaches of duties of care owed to plaintiffs could cause the property damage, business losses, and other related losses incurred by plaintiffs due to the damage to the Properties on September 11, 2001.

130.    As a direct and proximate result of Massport's breach of the aforementioned duties of care, the Properties suffered significant damages caused by the collapse of the subject buildings necessitating significant repair, replacement, restoration and/or rehabilitation.

131.    As a direct and proximate result of the conduct of all defendants, including Massport, plaintiffs sustained property damage, business losses, and other related losses. Therefore, all defendants are jointly and severally liable for damages sustained by plaintiffs, and plaintiffs are entitled to recover such damages to the extent allowed under applicable law.

## <u>COUNT III</u>

### CLAIMS FOR DAMAGES AGAINST THE AIRLINE DEFENDANTS BASED ON NEGLIGENT HIRING, SELECTION, RETENTION AND SUPERVISION

132.    Plaintiffs repeat and restate each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

133.    Plaintiffs suing on this Count III, and the specific defendants complained against by each of them, are set forth in Appendix C attached hereto.

134.    The Airline Defendants have a non-delegable duty to plaintiffs to provide competent and careful security of their terminal operations area and aircraft.

135.    On and prior to September 11, 2001, and at all times pertinent hereto, the Airline Defendants contracted for security services with the Security Company Defendants for all flights departing from the subject airports.

136.    The Security Company Defendants' work as security system contractors at the subject airports presents a risk of harm to persons and property on the ground unless reasonably performed.

137.    The Security Company Defendants had a record of incompetent and careless operation and maintenance of their contracted security service obligations over many years according to FAA audits and other independent checks on the effectiveness of their security systems.

138.    The Airline Defendants failed to exercise reasonable care in the hiring, selection, retention and supervision of competent and careful security system contractors.

139.    The Airline Defendants' failure to exercise reasonable care in the hiring, selection, retention and supervision of competent and careful security system contractors was a proximate cause of the property damage, business losses, and other related losses sustained by plaintiffs.

140.    As a direct and proximate result of the conduct of all defendants, including the Airline Defendants, plaintiffs sustained property damage, business losses, and other related losses. Therefore, all defendants are jointly and severally liable for damages sustained by each plaintiff and each plaintiff is entitled to recover such damages to the extent allowed under applicable law.

<u>COUNT IV</u>

**CLAIMS FOR DAMAGES AGAINST MASSPORT BASED ON NEGLIGENT HIRING, SELECTION, RETENTION AND SUPERVISION**

141.    Plaintiffs repeat and restate each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

142.    Plaintiffs suing on this Count IV are set forth in Appendix C attached hereto.

143.    Massport has a non-delegable duty to plaintiffs to provide competent and careful security of their terminal operations area and aircraft.

144.    On and prior to September 11, 2001, and at all times pertinent hereto, Massport contracted for security services with the Security Company Defendants for all flights departing from the subject airports.

145.    The Security Company Defendants' work as security system contractors at the subject airports presents a risk of harm to persons and property on the ground unless reasonably performed.

146.    The Security Company Defendants had a record of incompetent and careless operation and maintenance of their contracted security service obligations over many years according to FAA audits and other independent checks on the effectiveness of their security systems.

147.    Massport failed to exercise reasonable care in the hiring, selection, retention and supervision of competent and careful security system contractors.

148.    Massport's failure to exercise reasonable care in the hiring, selection, retention and supervision of competent and careful security system contractors was a proximate cause of the property damage, business losses, and other related losses sustained by plaintiffs.

149.    As a direct and proximate result of the conduct of all defendants, including Massport, plaintiffs sustained property damage, business losses, and other related losses.  Therefore, all defendants are jointly and severally liable for damages sustained by each plaintiff and each plaintiff is entitled to recover such damages to the extent allowed under applicable law.

## COUNT V

### CLAIM FOR DAMAGES BASED ON RES IPSA LOQUITUR AGAINST THE AIRLINE DEFENDANTS AND THE SECURITY COMPANY DEFENDANTS

150.    Plaintiffs repeat and restate each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

151.    Plaintiffs suing on this Count V, and the specific defendants complained against by each of them, are set forth in Appendix C attached hereto.

152.    The Airline Defendants and the Security Company Defendants, and each of them, had exclusive management and control of the subject aircraft and subject airports' security systems, which the terrorists penetrated on September 11, 2001, and whose actions resulted in property damage, business losses, and other related losses to plaintiffs.

153.    The penetrations of the subject airports' security systems, and the resulting hijackings of the subject aircraft, as set forth above, are such that in the ordinary course of events would not have occurred if the Airline Defendants and the Security Company Defendants had exercised ordinary care in the maintenance and operation of the security systems.

182.    As a direct and proximate result of the conduct of all defendants, including Boeing, defendants are jointly and severally liable for damages sustained by each plaintiff and each plaintiff is entitled to recover such damages to the extent allowed under applicable law.

## COUNT X

### CLAIMS FOR DAMAGES AGAINST
### DEFENDANT BOEING BASED ON NEGLIGENT DESIGN

183.    Plaintiffs repeat and restate each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

184.    Plaintiffs suing on this Count X are set forth in Appendix C attached hereto.

185.    Defendant Boeing owed plaintiffs a duty of care in safely designing the subject aircraft, and their component parts and systems, including, but not limited to:

(a)    a secure cockpit, including doors and locking mechanisms, that would prevent or deter unauthorized or unlawful entry into the cockpit, or a hijacking;

(b)    hardened cockpit doors, more sophisticated locking systems for cockpit doors, secondary barriers to prevent cockpit intrusion, and doors with unique entry codes that would prevent or deter unauthorized or unlawful entry in to the cockpit, or a hijacking;

(c)    systems in the flight deck environment, such as cabin video surveillance systems, that would enable pilots to view and assess the situation in the cabin before unlocking and opening the cockpit doors.

{00147047.DOC:2}                                    34

(d)     systems that would prevent or lock out unauthorized persons from taking over the flight controls, including, but not limited to, password protected flight controls;

(e)     systems that would prevent unauthorized users from disengaging the autopilot systems, taking physical control of the subject aircraft, and programming the aircraft to fly to a specific set of coordinates;

(f)     flight controls that would  send a notification to the government and/or Airline Defendants if an unauthorized user gained control of the aircraft;

(g)     features that would prevent unauthorized persons from shutting off the transponders of the subject aircraft; and/or

(h)     systems designed to prevent or avoid intentional downings of the subject aircraft and/or collision with structures or obstacles on the ground.

186.   Defendant Boeing breached this duty of care by failing to, among other things:

(a)     design and/or install a secure cockpit, including doors and locking mechanisms, that would prevent or deter unauthorized or unlawful entry into the cockpit, or a hijacking;

(b)     harden cockpit doors, provide more sophisticated locking systems for cockpit doors, provide secondary barriers to prevent cockpit intrusion, or provide doors with unique entry codes that would prevent or deter unauthorized or unlawful entry in to the cockpit, or a hijacking;

(c)     install or use systems in the flight deck environment, such as cabin video surveillance systems, that would enable pilots to view and assess the situation in the cabin before unlocking and opening the cockpit doors.

    (d)    install or use a system that would prevent or lock out unauthorized persons from taking over the flight controls, including, but not limited to, password protected flight controls;

    (e)    install or use systems that would prevent unauthorized users from disengaging the autopilot systems, taking physical control of the subject aircraft, and programming the aircraft to fly to a specific set of coordinates;

    (f)    install flight controls that would send a notification to the government and/or Airline Defendants if an unauthorized user gained control of the aircraft;

    (g)    install features that would prevent unauthorized persons from shutting off the transponders of the subject aircraft; and/or

    (h)    install or use aircraft systems designed to prevent or avoid intentional downings of the subject aircraft and/or collision with structures or obstacles on the ground.

187.    Defendant Boeing knew or should have known that the design of the subject aircraft and their component parts and systems was defective. Defendant Boeing failed to remedy this defect. The defective design permitted the terrorists to easily gain access to the cockpits of the subject aircraft on September 11, 2001, take over the controls, and crash the subject aircraft into the subject buildings.

188.    In addition, Boeing knew or should have known that alternative and safer designs were available for a nominal increase in cost, which would have prevented the terrorists from entering the cockpits on the subject aircraft, taking over the controls, and crashing the subject aircraft into the subject buildings.

{00147047.DOC;2}    36

189.    The defective design of the subject aircrafts was a proximate cause of the property damage, business losses, and other related losses sustained by plaintiffs.

190.    Plaintiffs sustained property damage, business losses, and other related losses as a direct and proximate result of Boeing's negligent design of the subject aircraft and their component parts and systems.

191.    As a direct and proximate result of the conduct of all defendants, including Boeing, defendants are jointly and severally liable for damages sustained by each plaintiff and each plaintiff is entitled to recover such damages to the extent allowed under applicable law.

<u>COUNT XI</u>

**CLAIMS FOR DAMAGES AGAINST
DEFENDANT BOEING BASED ON BREACH OF WARRANTY**

192.    Plaintiffs repeat and restate each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

193.    Plaintiffs suing on this Count XI are set forth in Appendix C attached hereto.

194.    Prior to September 11, 2001, defendant Boeing expressly and/or impliedly warranted and represented that the subject aircraft, and their component parts and systems, including, but not limited to, the subject aircraft flight decks, systems, structures, airframes, locking mechanisms and cockpit doors, were airworthy, of merchantable quality, and/or fit and safe for the purposes for which they were designed, manufactured, assembled, inspected, tested, distributed, sold, serviced, maintained and/or repaired, intended, and used. Defendant Boeing further warranted that the subject aircraft, and their component parts and systems, including, but not limited to the subject aircraft flight decks, systems, structures, airframes, locking mechanisms and cockpit doors, were free from all defects.