# EXHIBIT 9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
IN RE SEPTEMBER 11, 2001 LITIGATION      :     21 MC 97 (AKH)
                                         :
----------------------------------------------------------------x

### PLAINTIFFS' THIRD AMENDED FLIGHT 93 MASTER LIABILITIES COMPLAINT

### (THE SHANKSVILLE CRASH)

Plaintiffs, by their respective attorneys complaining of the Defendants herein, upon information and belief, respectfully state as and for their common liability allegations as follows:

### BACKGROUND

These actions seek damages on behalf of plaintiffs, the heirs and next of kin of decedents, and the Estates of decedents for the wrongful deaths of the individuals who were killed in the hijacking and crash of United Air Lines Flight 93 (hereinafter "Flight 93") in Shanksville, Pennsylvania on September 11, 2001. Flight 93 originated at Terminal A, Newark International Airport (hereinafter "Newark Airport") and was bound for San Francisco International Airport.

In sum, these actions allege that for several years prior to September 11, 2001, UNITED, THE OTHER AIRLINE DEFENDANTS and THE SECURITY COMPANY DEFENDANTS named herein, and THE PORT AUTHORITY had actual knowledge of the fact that terrorist groups and individuals associated with them had publicly proclaimed a pathological hatred of the United States, its citizens and those who resided or traveled within or to its borders and vowed to kill Americans and to destroy American institutions and that airlines and airports were a likely target of their violence. The risk of harm to airline passengers was heightened by the fact that

1

## COUNT ONE

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST UNITED, THE SECURITY COMPANY DEFENDANTS AND THE PORT AUTHORITY BASED ON NEGLIGENCE; NEGLIGENCE PER SE; RECKLESS CONDUCT & CONSCIOUS DISREGARD FOR RIGHTS & SAFETY

60. Plaintiffs incorporate by reference all prior allegations in this Complaint.

61. On and prior to September 11, 2001, UNITED, THE SECURITY COMPANY DEFENDANTS and THE PORT AUTHORITY, by their officers, agents, employees, servants or representatives, had an independent, joint and several, nondelegable duty to exercise and provide the passengers of Flight 93 with the highest level security and care to safeguard Flight 93 and all other aircraft that operated at Newark Airport to prevent hijackers from carrying dangerous and deadly weapons capable of causing injury or death aboard aircraft or otherwise threaten the safety of passengers and crew and/or injure or kill passengers and crew.

62. The defendants were jointly and severally required to secure Flight 93 from unreasonable dangers, such as terrorist action aboard the aircraft, including hijacking, and to operate the subject aircraft in a manner which would not result in injury or death to its passengers.

63. On and prior to September 11, 2001, UNITED and THE PORT AUTHORITY entered into contracts with THE SECURITY COMPANY DEFENDANTS for security services for all flights departing from Newark Airport. These defendants had a duty to exercise the highest degree of care for the safety and security of all passengers passing through security checkpoints at Newark Airport and prior to boarding aircraft there, and in recognition of that duty, voluntarily entered into contracts with THE SECURITY COMPANY

16

DEFENDANTS to provide various airline and airport security services.

64. By virtue of their negligence, UNITED, THE PORT AUTHORITY and THE SECURITY COMPANY DEFENDANTS breached their contracts to provide effective security at Newark Airport and to prevent security breaches which could cause injury or death to passengers.

65. On and prior to September 11, 2001, UNITED, THE SECURITY COMPANY DEFENDANTS and THE PORT AUTHORITY, by their respective officers, agents, employees, servants and/or representatives, breached their duty to decedents and engaged in conduct which was reckless, negligent, negligent per se, wrongful, unlawful, careless, and willful and wanton in conscious disregard of the rights and safety of the passengers by violating applicable rules and regulations, including Federal Aviation Regulations; and further by creating unreasonable dangers to Flight 93 passengers in that UNITED, THE SECURITY COMPANY DEFENDANTS, and THE PORT AUTHORITY:

- failed to implement, operate, maintain, supervise and control an adequate airline and airport security system that ensured the safety of and protected passengers against acts of criminal violence and air piracy;

- failed to adequately train, staff and equip Newark Airport's airline and airport security system;

- failed to improve airline and airport security despite knowledge and prior warnings of numerous security breaches and lapses and terrorist threats to airline security;

- failed to properly screen the hijackers and allowed them aboard the subject aircraft with dangerous and deadly weapons capable of causing injury or death;

- violated proper security procedures, including FAA and internal

airline/security guidelines and other security directives;

- failed to properly scrutinize the hijackers' tickets and identification documents;

- failed to properly monitor security checkpoints, x-ray machines and metal detectors;

- failed to install state of the art security equipment and systems to prevent hijacking and routinely failed to detect dangerous and deadly weapons capable of causing injury or death in undercover investigations;

- failed to adequately protect the subject aircraft's cockpit from unauthorized entry;

- failed to prevent the hijackers from entering the unprotected cockpit;
- failed to implement adequate safety and security measures to prevent hijacking;

- failed to equip the subject aircraft with a secure cockpit door and adequate locking mechanisms; and

- defendants were otherwise negligent, engaged in conduct that was negligent per se, reckless, wrongful, unlawful, careless, and/or willful in conscious disregard for rights and safety.

66. As a direct and proximate result of the conduct of all defendants, the defendants are jointly and severally liable for damages sustained by each plaintiff and each plaintiff is entitled to recover such damages to the extent allowed under applicable state law.

## COUNT TWO

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST THE OTHER AIRLINE DEFENDANTS BASED ON NEGLIGENCE; NEGLIGENCE PER SE; RECKLESS CONDUCT AND CONSCIOUS DISREGARD FOR RIGHTS AND SAFETY

67. Plaintiffs incorporate by reference all prior allegations in this Complaint.

68. On and prior to September 11, 2001, THE OTHER AIRLINE DEFENDANTS had an independent and non-delegable duty to maintain the security of their aircraft and Newark Airport. In recognition of that duty, THE OTHER AIRLINE DEFENDANTS subcontracted for security services to protect all flights departing from Newark Airport.

69. THE OTHER AIRLINE DEFENDANTS each had a duty or voluntarily undertook a duty through its contract with THE SECURITY COMPANY DEFENDANTS to exercise the highest degree of care for the safety and security of all passengers passing through security at Newark Airport.

70. THE OTHER AIRLINE DEFENDANTS each knew or should have known that the security screening systems and services at Newark Airport provided by THE SECURITY COMPANY DEFENDANTS were grossly inadequate and posed a severe danger to its passengers and the public. THE OTHER AIRLINE DEFENDANTS knew or should have known that the security systems at Newark Airport had been demonstrated to be like a sieve frequently unable to detect dangerous and deadly weapons capable of causing injury or death in numerous evaluations.

71. Each of THE OTHER AIRLINE DEFENDANTS knew or should have known that THE SECURITY COMPANY DEFENDANTS failed to adequately train its employees, hired illegal aliens, failed to conduct required criminal background checks, and routinely failed in undercover security evaluations to detect even the most obvious of dangerous and deadly weapons capable of causing injury or death.

72. THE OTHER AIRLINE DEFENDANTS' failure to remedy these known security lapses was a reckless, negligent and willful and wanton breach of their respective duties of care

19

to all passengers passing through Newark Airport and boarding aircraft there.

73. As a direct and proximate result of the conduct of all defendants, the defendants are jointly and severally liable for damages sustained by each plaintiff and each plaintiff is entitled to recover such damages to the extent allowed under applicable state law.

## COUNT THREE

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST UNITED, THE OTHER AIRLINE DEFENDANTS AND THE PORT AUTHORITY BASED ON NEGLIGENT SELECTION

74. Plaintiffs incorporate by reference all prior allegations in this Complaint.

75. UNITED, THE OTHER AIRLINE DEFENDANTS and THE PORT AUTHORITY had a non-delegable duty to the traveling public, including decedents, to provide competent and careful security of their terminal operations area and aircraft. In recognition of that duty, UNITED, THE OTHER AIRLINE DEFENDANTS and THE PORT AUTHORITY subcontracted for security services to protect all flights departing from Newark.

76. UNITED, THE OTHER AIRLINE DEFENDANTS and THE PORT AUTHORITY failed to exercise reasonable care in the selection of a competent and careful security system contractor by employing THE SECURITY COMPANY DEFENDANTS.

77. UNITED, THE OTHER AIRLINE DEFENDANTS and THE PORT AUTHORITY each knew or should have known that the security screening systems and services at Newark Airport provided by THE SECURITY COMPANY DEFENDANTS were grossly inadequate and posed a severe danger to its aircraft, passengers and the public. UNITED, THE OTHER AIRLINE DEFENDANTS and THE PORT AUTHORITY knew or should have known that the security systems at Newark Airport had been demonstrated to be

20

like a sieve, frequently unable to detect dangerous and deadly weapons capable of causing injury or death in numerous evaluations.

78.     UNITED, THE OTHER AIRLINE DEFENDANTS and THE PORT AUTHORITY knew or should have known that THE SECURITY COMPANY DEFENDANTS failed to adequately train their employees, hired illegal aliens, failed to conduct required criminal background checks, and routinely failed in undercover security evaluations to detect even the most obvious of dangerous and deadly weapons capable of causing injury or death.

79.     THE SECURITY COMPANY DEFENDANTS' work as security system contractors at Newark Airport presents a risk of physical harm and death unless skillfully and carefully performed commensurate with the threat of terrorist action.

80.     THE SECURITY COMPANY DEFENDANTS had a record of incompetent and careless operation and maintenance of their contracted security service obligations over many years according to FAA "Red Team" audits and other independent checks on the effectiveness of their security systems.

81.     UNITED, THE OTHER AIRLINE DEFENDANTS and THE PORT AUTHORITY's failure to remedy these known security lapses was a reckless, negligent and willful and wanton breach of their respective duties of care to all passengers passing through Newark Airport and boarding aircraft there.

82.     UNITED, THE OTHER AIRLINE DEFENDANTS and THE PORT AUTHORITY's failure to exercise reasonable care in the selection, continued retention and supervision of competent and careful security systems and contractors were proximate contributing factors to the causes of each decedent's injuries and damages.

21

- aircraft systems designed to prevent or avoid intentional downing and/or crashing the subject aircraft into buildings or structures on the ground.

90. Alternative and safer flight decks, systems, structures, airframes, locking mechanisms and cockpit doors were available for a nominal increase in cost, which would have prevented the terrorists from gaining access to the cockpit of the subject aircraft, taking over the flight controls, and crashing the subject aircraft into buildings or the ground.

91. The aircraft's defective design rendered the subject aircraft unreasonably dangerous, and permitted the terrorists to gain access to the cockpit of and hijack the subject aircraft and crash the subject aircraft into the ground. BOEING'S defective design of the subject aircraft was a proximate cause of the deaths of plaintiffs' decedents.

92. As a direct and proximate result of the conduct of defendant BOEING, BOEING is jointly and severally liable for damages sustained by each plaintiff and each plaintiff is entitled to recover such damages to the extent allowed under applicable law.

## COUNT SIX

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON NEGLIGENT DESIGN

93. Plaintiffs incorporate by reference all prior allegations in this Complaint.

94. BOEING owed plaintiffs a duty of care in safely designing the subject aircraft and their component parts and systems, including, but not limited to, a duty to safety design:

- secure cockpit, including doors and locking mechanisms, that would prevent or deter unauthorized or unlawful entry into the cockpit, or a hijacking;

- hardened cockpit doors, more sophisticated locking systems for cockpit doors, secondary barriers to prevent cockpit intrusion, and doors with unique entry codes that would prevent or deter unauthorized or unlawful entry into the cockpit, or a hijacking;

24

- systems in the flight deck environment, such as cabin video surveillance systems, that would enable pilots to view and assess the situation in the cabin before unlocking and opening the cockpit doors;

- systems that would prevent or lock out unauthorized persons from taking over the flight controls, including, but not limited to, password protected flight controls;

- systems that would prevent unauthorized persons from disengaging the autopilot systems, taking physical control of the subject aircraft, and programming the aircraft to fly to a specific set of coordinates;

- flight controls that would send a notification to the Government and/or UNITED if unauthorized persons gained control of the aircraft;

- features that would prevent unauthorized persons from shutting off the transponders of the subject aircraft; and/or

- aircraft systems designed to prevent or avoid intentional downing and/or crashing the subject aircraft into buildings or structures on the ground.

95. BOEING breached this duty of care by failing to, among other things:

- design and/or install a secure cockpit, including doors and locking mechanisms, that would prevent or deter unauthorized or unlawful entry into the cockpit, or a hijacking;

- harden cockpit doors, provide more sophisticated locking systems for cockpit doors, provide secondary barriers to prevent cockpit intrusion, or provide doors with unique entry codes that would prevent or deter unauthorized or unlawful entry in to the cockpit, or a hijacking;

- install or use systems in the flight deck environment, such as cabin video surveillance systems, that would enable pilots to view and assess the situation in the cabin before unlocking and opening the cockpit doors;

- install or use a system that would prevent or lock out unauthorized persons from taking over the flight controls, including, but not limited to, password protected flight controls;

- install or use systems that would prevent unauthorized persons from disengaging the autopilot systems, taking physical control of the subject aircraft, and programming the aircraft to fly to a specific set of coordinates;

25

- install flight controls that would send a notification to the Government and/or UNITED if unauthorized persons gained control of the aircraft;

- install features that would prevent unauthorized persons from shutting off the transponders of the subject aircraft; and/or

- install or use aircraft systems designed to prevent or avoid intentional downing and/or crashing the subject aircraft into buildings or structures on the ground.

96. Defendant BOEING knew or should have known that the design of the subject aircraft and their component parts and systems was defective. Defendant BOEING failed to remedy this defect. The aircraft's defective design permitted the terrorists to gain access to the Flight 93 cockpit, take over the controls, and crash the subject aircraft into the ground.

97. In addition, BOEING knew or should have known that alternative and safer designs were available for a nominal increase in cost, which would have prevented the terrorists from entering the cockpit on the subject aircraft, taking over the controls, and crashing the subject aircraft into the ground.

98. The defective design of the subject aircraft was a proximate cause of the deaths of plaintiffs' decedents.

99. As a direct and proximate result of the conduct of defendant BOEING, BOEING is jointly and severally liable for damages sustained by each plaintiff and each plaintiff is entitled to recover such damages to the extent allowed under applicable law.

## COUNT SEVEN

### CLAIMS FOR WRONGFUL DEATH AND SURVIVAL DAMAGES AGAINST DEFENDANT BOEING BASED ON BREACH OF WARRANTY

100. Plaintiffs incorporate by reference all prior allegations in this Complaint.

entitled to recover such damages to the extent allowed under applicable law.

## COUNT EIGHT

### CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

105. Plaintiffs incorporate by reference all prior allegations in this Complaint.

106. Defendants owe a duty to the public and to the plaintiffs to adequately safeguard air travel. Defendants undertook this duty freely.

107. Defendants knew or should have known that their conduct and actions in failing to implement adequate security systems would lead to increased danger, risk of catastrophic injury, and severe, debilitating emotional distress to its passengers and to those on the ground, and to the plaintiffs. The Defendants knew or should have known that the failure to implement adequate safety and security measures placed the public in extreme danger, increasing the risk of injury and the resulting emotional distress.

108. The conduct and actions of the Defendants were done in breach of their duties and in negligent disregard for the rights and lives of the general public and of those killed and injured at Shanksville.

109. The course of conduct undertaken by the Defendants in failing to safeguard airports and aircraft was such that it was reasonably foreseeable to result in the death, injury and suffering of innocent people, both in the air and on the ground. The repeated failure to implement adequate security culminated in injury of and damage to plaintiffs' decedents resulting in severe, continuing, permanent mental, physical and emotional distress and suffering, and resulting loss of consortium and services to plaintiffs.

110. As a direct and proximate cause of Defendants' negligent, grossly negligent and/or reckless misconduct and disregard for public and aviation safety in breach of their duty, plaintiffs have suffered severe emotional distress and ongoing psychiatric injuries and damages.

111. Defendants, by reason of their negligent breach of duty and/or recklessness, inflicted emotional distress upon the plaintiffs.

112. As a direct and proximate result of the conduct of all defendants, the defendants are jointly and severally liable for damages sustained by each plaintiff and each plaintiff is entitled to recover such damages to the extent allowed under applicable state law.

## COUNT NINE

### CLAIM FOR PUNITIVE DAMAGES AGAINST ALL DEFENDANTS

113. Plaintiffs incorporate by reference all prior allegations in this Complaint.

114. The failure of the airline and airport security system at Newark and the failure to secure the aircraft cockpit, which resulted in the hijacking of the subject aircraft and injuries and death to the decedent, were caused by the wanton, gross, reckless and wilful misconduct of defendants, including their officers, agents, servants and/or employees as set forth herein, whose actions and omissions were outrageous, willful, wanton and gross and said defendants acted with reckless disregard for public and aviation safety.

115. As a direct and proximate result of the conduct of all defendants, the defendants are jointly and severally liable for damages sustained by plaintiff and plaintiff is entitled to recover such damages to the extent allowed under applicable state law.

**WHEREFORE**, the plaintiffs demand judgment against UNITED, THE SECURITY