# EXHIBIT 12

```
                              73MZ911C
                                                                        1
        73MZ911C
   1    UNITED STATES DISTRICT COURT
   1    SOUTHERN DISTRICT OF NEW YORK
   2    ------------------------------x
   2
   3    In Re: 9/11 Property Damage
   3    and Business Loss Litigation
   4
   4
   5                                        21 MC 97, 101 (AKH)
   5
   6
   6    ------------------------------x
   7
   7                                        March 22, 2007
   8                                        3:30 p.m.
   8
   9    Before:
   9
  10                 HON. ALVIN K. HELLERSTEIN,
  10
  11                                        District Judge
  11
  12                         APPEARANCES
  12
  13    KEITH S. FRANZ
  13
  14    ROBERT A. CLIFFORD
  14    TIMOTHY J. TOMASIK
  15
  16    LEE GODFREY
  17    MARC S. MOLLER
  17
  18    BETH GOLDMAN
  18    SARAH NORMAND
  19    JEANETTE VARGAS
  20    ROGER PODESTA
  21    DOUGLAS J. PEPE
  22    DONALD MIGLIORI
  23    APPEARANCES: (continued)
  24    JEFFREY ELLIS
  25    DESMOND BARRY
                   SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

```
                                                                        2
        73MZ911C
   1    RICHARD A. WILLIAMSON
   1    CATHI HESSION
   2    JASON COHEN
   3    FRANKLIN M. SACHS
   4    RICHARD CAMPBELL
   5    JOSEPH WAYLAND
   6    JAMES P. CONNORS
   7
   8
   9
  10
  11
  12
  13
  14
  15
```

73MZ911C

73MZ911C
1    think any government discovery is relevant any more. They
2    don't think any depositions of the government are relevant any
3    more, and they're ready to go ahead and try their cases.
4              We think it's obvious on the face of the case that the
5    Government's at the heart of it, and the government discovery
6    is critical to our defenses as we explained to you.
7              I'm prepared to talk at length about why that is, but
8    I don't think it's necessary to do so. And one of the reasons
9    I don't think it is necessary to do so is because the
10   plaintiffs, themselves, all of them, each one of them signed a
11   document which they submitted to the Eastern District of
12   Virginia, and then went to the Court's Circuit on and said we
13   need all of this government discovery because it is relevant to
14   the claims that's relevant to the defenses and it's relevant to
15   the duties of the, of all of the parties involved. So I hope I
16   don't have to spend much time because I think before today,
17   everyone recognized the need to take discovery of the
18   government.
19             THE COURT: Well, the issues I put are Louie Freeh,
20   George Tenet and Richie Clark.
21             MR. WAYLAND: I think, your Honor, with respect to
22   those three specific requests, the way we proceeded was to
23   begin the process to see what the reaction of the government
24   would be.
25             THE COURT: They came back with a predictable
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

47

73MZ911C
1    response.
2              MR. WAYLAND: But -- for the individuals, your Honor,
3    but not so much for the subject matter of the testimony that we
4    wanted. And if you look at the --
5              THE COURT: All right. So we have consensus that Mr.
6    Freeh, Mr. Tenet and Mr. Clark will not be witnesses, at least
7    not at the present juncture
8              MR. WAYLAND: Not at the present time, as long as
9    we -- just as we did the FAA, they provided a 30(b)(6) witness
10   to substitute, so.
11             THE COURT: All right. Those notices involving
12   Messrs. Freeh, Tenet and Clark are withdrawn.
13             MR. WAYLAND: Well, with respect to them individually.
14   With respect to subject matter, just as with the FAA --
15             THE COURT: If you're looking for 30(b)(6), you can't
16   determine who the people will be.
17             MR. WAYLAND: You're right, your Honor. Okay.
18             THE COURT: So Freeh, Tenet and Clark can go about
19   their business.
20             MR. WAYLAND: They may, your Honor, but we will
21   pursue --
22             THE COURT: The will breathe a sigh of relief.
23             30(b)(6) FAA witnesses, is there any objection to
24   this?
25             MS. NORMAND: No, your Honor. In fact, we've had an
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

48

73MZ911C
1    initial meet and confer with the defendants, and I think it was
2    a very productive meeting. We agreed on a number of topics
3    that would be appropriate. There are outstanding issues,
4    however. We've, for example, made clear to the defendants our

Page 22

73MZ911C

5  view that information, intelligence information known to the
6  FAA or not known to the FAA that was not communicated to the
7  airlines is not relevant to the issues in dispute in this case,
8  and for obvious reasons raises a host of issues for the
9  government.
10        THE COURT: I've dealt with that issue in connection
11  with World Trade Center applications if I remember correctly
12  and I'll deal with them again, and I think those parties
13  pushing for that need to know the record.
14        MR. MOLLER: We will, your Honor.
15        THE COURT: By I anticipate that I would rule that
16  information not communicated is not relevant.
17        MR. WAYLAND: Your Honor, this is an extraordinary
18  serious issue for all the defendants and we need to make a
19  substantial record on that with a hearing and the opportunity
20  to -- full briefing. Because we think once your Honor hears
21  our argument, sees the law on this issue and thinks about the
22  issues, you may have a different view of, so we need to have a
23  second --
24        THE COURT: Make a motion. Do it by motion.
25        MR. WAYLAND: All right.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

49

73MZ911C

1        MR. MIGLIORI: Your Honor, we'd ask that it be made
2  promptly as well, because --
3        THE COURT: Mr. Wayland can make it promptly.
4        MR. WAYLAND: We will make it promptly, your Honor.
5  It's a substantial motion. It will take some time to put it
6  together, but we will make a motion.
7        THE COURT: 30 days?
8        MR. WAYLAND: 30 days, your Honor.
9        MR. MIGLIORI: Your Honor, just so it's clear on the
10  record, the representation -- there are two types of federal
11  discovery. One has to do with the investigations of what
12  happened on 9/11 and leading up to 9/11, as opposed to the
13  discovery of what the government knew pre9/11 and what it did
14  or didn't tell, and we share the Government's concern about the
15  letter.
16        THE COURT: I didn't catch the distinction.
17        MR. MIGLIORI: The nine -- the FBI after, on the day
18  of 9/11, went right to Logan and started interviewing people
19  with knowledge about the events immediately.
20        THE COURT: And I understand that can lead to relevant
21  information.
22        MR. MIGLIORI: And that's an investigative discovery
23  consistent with what plaintiffs have asked for in a very
24  tailored specific way. That's --
25        THE COURT: Is the FBI willing to surrender that

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

50

73MZ911C

1  information?
2        MR. MIGLIORI: Some of it has come.
3        MS. NORMAND: Your Honor, that is the type of
4  information that is likely to be provided. I'm not in a
5  position to articulate our position as to specific documents,
6  but things like interviews of employees at the airport and
7  things confiscated by FBI or FAA as of that time, those are
8  probably the types of things that will be appropriately
9  provided.