# EXHIBIT 13

```
76E5911F
76EAASEPA1              Argument                                    1
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE SEPTEMBER 11TH
LITIGATION,
                                        21 MC 97

------------------------------x
                                   New York, N.Y.
                                   June 14, 2007
                                   10:15 a.m.

Before:

              HON. ALVIN K. HELLERSTEIN,

                                   District Judge

                APPEARANCES

MOTLEY RICE
     Attorneys for Plaintiff
BY:  DON MIGLIORI
     MICHAEL E. ELSNER
BY:  GREGORY P. JOSEPH LAW OFFICES, LLC
     Attorney for Plaintiff

FLEMMING ZULACK WILLIAMSON ZAUDERER, LLP
     Attorneys for Plaintiff
BY:  RICHARD A. WILLIAMSON

CLIFFORD LAW OFFICE
     Attorneys for Plaintiff
BY:  TIMOTHY S. TOMASIK

U.S. DEPARTMENT OF JUSTICE
     Attorneys for Plaintiff
BY:  BETH GOLDMAN
     SARAH SHEIVE NORMAND
     JEANNETTE VARGAS

AZRAEL GANN & FRANZ, LLP
BY:  KEITH S. FRANZ


KREINDLER & KREINDLER, LLP
     Attorneys for Plaintiff
              SOUTHERN DISTRICT REPORTERS, P.C.
                      (212) 805-0300
```

```
                                                                    2
76EAASEPA1              Argument
BY:  MARC MOLLER

CONDON & FORSYTH, LLP
     Attorneys for Defendant
BY:  DESMOND T. BARRY, JR.

DEBEVOISE & PLIMPTON, LLP
     Attorneys for Defendant
BY:  ROGER E. PODESTA
```

Page 1

76E5911F

1  reasonableness of our action. It has to do with whether people
2  sitting in a jury box.
3       THE COURT: The dysfunction of somebody else?
4       MR. WAYLAND: It is not dysfunction. It is function,
5  we are not --
6       THE COURT: The conclusion of that 9/11 report was
7  that the government was dysfunctional.
8       MR. WAYLAND: Right. But that's not the issue for
9  which we want the evidence and that's not the issue that we are
10 putting before the jury.
11      The issue we are putting before the jury is whether
12 those actions, however you want to describe them, you can call
13 them bad, you can call them good --
14      THE COURT: You are creating a deliberation on the
15 part of the government when the 9/11 commissioners thought it
16 was a dysfunction?
17      MR. WAYLAND: I think -- I don't think it matters how
18 we characterize what the government did. I think what matters
19 is that we have the information that's described in the
20 report --
21      THE COURT: It seems to me a matter a lot that you are
22 going to create a separate trial longer than this trial.
23      MR. WAYLAND: Not at all. Not at all.
24      THE COURT: Tell me about limits.
25 What do you propose? How many depositions? How many
            SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300

118

76E59112                    argument
1  documents? How many proceedings with the TSA? How many issues
2  of SSI? How many appeals to various Courts of Appeals
3  throughout the country? Much delay in these cases getting to
4  trial?
5       Talk to me about that.
6       MR. WAYLAND: I think that's a great place to go, your
7  Honor. And, again, let's start with the premise that the
8  government has accepted that we are entitled to a fair amount
9  of discovery already so a lot of those things are going to
10 happen.
11      THE COURT: I have noted that in how much delay it has
12 caused already.
13      MR. WAYLAND: So it is going to happen.
14      THE COURT: The full employment policy from
15 Ms. Goldman and Ms. Norman notwithstanding the full employment
16 policy of about 15 other matters at least.
17      MR. WAYLAND: It is going to happen, your Honor. The
18 only question is whether what we want is going to add.
19      THE COURT: No, it is not going to happen. It may
20 happen.
21      MR. WAYLAND: Right.
22      Well, so far the government says it is going to
23 happen. We would like it not to happen. If they can give us
24 the stuff, we can come back and be done.
25      THE COURT: The government is not the judge.
            SOUTHERN DISTRICT REPORTERS, P.C.
                    (212) 805-0300

119

76E59112                    argument
1       MR. WAYLAND: I know.
2       The question is, your Honor, what do I see happening
3  next and how quickly can we get it done. Here is what I think
4  and I have thought about this a lot:
5       I think once we get this issue of what we can see and
                         Page 55

76E5911F

6  not see resolved, we will sit down with the government with
7  this book and several other government reports and say this is
8  the type of information we need to get in front of a jury.
9       THE COURT: This book is the 9/11 report?
10      MR. WAYLAND: I'm sorry, your Honor; the 9/11 report
11 and similar documents. This is the type of information we want
12 and it is not a lot. We have summarized it in our briefs. The
13 report itself identifies the number of witnesses who purport to
14 be the sources of this.
15      THE COURT: How many?
16      MR. WAYLAND: I would say my estimate is the same as
17 it was last time, 20 to 30.
18      THE COURT: Mr. Barry, how many depositions have you
19 told me you wanted? 65?
20      MR. BARRY: Of the parties? We said at least another
21 65, from them. They wanted it of us. That's what the
22 plaintiff wants of us.
23      THE COURT: You want 65.
24      MR. BARRY: No, plaintiff wants of us, of the
25 defendants. That's what they said this morning.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

120

76E59112                          argument

1       THE COURT: Mr. Moller, I don't remember that number
2  being used.
3       MR. MOLLER: The numbers are a surprise to me and I
4  don't think I could stay awake for 65 depositions.
5       THE COURT: Well, I do know --
6       MR. BARRY: They gave us a list of 130 so I cut it in
7  half.
8       THE COURT: I think I woke you up. It is not Saturday
9  morning, Mr. Moller. It is still Thursday.
10      Mr. Barry, what are you talking about? You have a
11 Sunday function, he has a Saturday function.
12      THE COURT: To cut this short, I don't have any
13 confidence that the numbers will be limited to 20 or 30. I
14 have every reason to believe that the numbers will be
15 considerably more and a multiple of those.
16      MR. WAYLAND: Not for government witnesses, your
17 Honor. I don't think so. And, your Honor, that's an issue of
18 burden which we can resist if we take advantage of this.
19      THE COURT: This issue is all 403. You know under
20 Rule 26 of the Federal Rules of Civil Procedure anything that's
21 useful in effect is a bound of discovery. And since usefulness
22 is very much subjective to a party, it tends to be very little
23 in the way of limits to discovery responsibly pursued.
24      MR. WAYLAND: You can set those limits, your Honor.
25      THE COURT: It is not so easy.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

121

76E59112                          argument

1       Under Rule 403 of the Federal Rules of Evidence I have
2  to worry about something else. Although relevant, evidence may
3  be excluded if its probative value is substantially outweighed
4  by the danger of unfair prejudice, confusion of the issues or
5  misleading the jury or by considerations of undue delay, waste
6  of time, or needless presentation of cumulative evidence.
7       Leaving aside various of the characteristics here,
8  what you are asking me to authorize is another trial of the
9  government.
10      MR. WAYLAND: Absolutely, not, your Honor. Absolutely

Page 56

```
                                  76E5911F
11   not.
12            THE COURT:  And I do not wish to do that.
13            MR. WAYLAND:  That is absolutely not true, your Honor.
14   And I think the wording of that rule is precisely on point.  It
15   talks about unfair prejudice and confusion.  And if the jury is
16   not permitted to hear what the government knew and then what it
17   decided to do or not to do, we will be severely prejudiced
18   because it will create a false world that didn't exist on 9/11
19   and it will put us at a substantial disadvantage and I think it
20   would be a serious error to put us in that position.
21            I think the burden is overstated, your Honor.  This is
22   the only discovery, essentially, the defendants are taking.
23   They've had all of the -- because that's what matters to us
24   because we were part of a system.  We were part of a system in
25   which the rules were dictated to us by statute, by the
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

122

```
     76E59112                  argument
1    government, and a threat assessment --
2             THE COURT:  Dictation is not a problem because that's
3    information conveyed.
4             UNIDENTIFIED SPEAKER:  That's right.
5             MR. WAYLAND:  I'm sorry, your Honor?
6             THE COURT:  I don't need to have confirmation from
7    plaintiff's bench, please.  So far I'm doing all right.
8             That's information that's conveyed.  Nothing that
9    prevents you from taking discovery of information transmitted
10   to you.
11            What you are looking for is information that was not
12   transmitted to you.
13            MR. WAYLAND:  Because that's critical in understanding
14   the reasonableness of our actions and the proximate cause.
15            If the government had this information it couldn't
16   stop the terrorists.  The idea that Hermie Miller and people
17   like her could stop it, it just makes no sense.  So, it is
18   critical to us, your Honor, for that reason.
19            THE COURT:  Thank you, Mr. Wayland.
20            Who will present the government's position?
21            MS. GOLDMAN:  Beth Goldman.
22            Your Honor, I would like to start with the issue of
23   the burden because I think that one of the things Mr. Wayland
24   has done today and in their papers is to underestimate, to the
25   extreme, the burden that's going to be imposed on the
                      SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```

123

```
     76E59112                  argument
1    government by the discovery they seek.
2             They try to describe it today as something --
3             THE COURT:  While you are describing burden on the
4    government, talk to me also about the delay to the Court and
5    the burden to the Judge.
6             MS. GOLDMAN:  Certainly.
7             They describe it as limited and narrow, not
8    burdensome.  And, in fact, they are seeking discovery so far
9    not only from the F.A.A.  And one of the lessons of
10   Mr. Wayland's statement is that no good deed goes unpunished
11   because we have agreed to provide certain limited discovery on
12   issues that are clearly relevant here.
13            THE COURT:  I'm going to take issue with good deeds.
14   You do what is necessary, Ms. Goldman.
15            MS. GOLDMAN:  We are doing what is appropriate and
```

Page 57