**U.S. Department of Justice**



*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, Third Floor*
*New York, New York 10007*

March 16, 2007

<u>BY FEDERAL EXPRESS</u>

Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP

Marc S. Moller, Esq.
Kreindler & Kreindler

Robert A. Clifford, Esq.
Clifford Law Offices, P.C.

Richard Williamson, Esq.
Flemming, Zulack, Williamson & Zauderer LLP

Beth Jacob, Esq.
Schiff Hardin LLP

> Re:  <u>In re September 11 Litigation</u>
>      21 MC 97 & 101 (AKH)

Dear Liaison Counsel:

We write concerning the numerous requests we have received from various parties in the litigation (collectively, the "requests") seeking documents maintained by the Federal Bureau of Investigation ("FBI"). We understand that further requests for FBI documents are forthcoming.

The investigation of the terrorist attacks of September 11, 2001 is the largest investigation in the history of the FBI, comprising millions of pages of documents. The investigation is continuing, and prosecutions of individuals involved in the attacks are contemplated. In light of this, the requests present enormous logistical and resource concerns for the Government. The requests seek production of a huge volume of information. Much of the requested information, moreover, is subject to the law enforcement privilege and/or other privileges, or constitutes classified national security information. Accordingly, the requested information must be reviewed by the FBI and other components of the Department of Justice ("DOJ"), and in some

cases other agencies, prior to production.  The process of
gathering responsive documents, reviewing them for privileged and
classified information, and making judgments about what
information can and cannot be produced is tremendously time-
consuming and diverts FBI and other DOJ personnel from their
primary duties in investigating and prosecuting the underlying
matters.

        Notwithstanding the foregoing, the Government has begun
the process of gathering and reviewing responsive documents and
is prepared to work with the parties in an effort to provide
reasonably available, unclassified, non-privileged information
that is relevant and material to the litigation, provided that
the parties will agree that any limited disclosures made in
response to the requests do not constitute a waiver of any
privilege as to other documents in the FBI's investigatory files.
Further, given the Government's serious concerns about the
burdens associated with responding to the requests, and
protecting privileged and classified information from disclosure,
we believe that several steps are necessary.

        First and foremost, we propose to meet and confer with
the parties who have requested information, either individually
or collectively, in an effort to narrow substantially the
categories of information sought.  It simply is not feasible for
the FBI and DOJ to gather and review the immense volume of
materials requested within a reasonable time-frame.
Additionally, the parties have not demonstrated the relevance of
much of the requested information.

        Further, in order to reduce the burden on the FBI and
DOJ of searching for and reviewing documents, and to avoid
piecemeal and duplicative review, we request that the parties
observe the following procedures to the extent they wish to make
further document requests of the FBI:

• Any request for documents from the FBI should be made by
  letter to the undersigned within thirty days of the date of
  this letter.  We will not consider requests submitted after
  that date unless the requesting party demonstrates that the
  particular document or documents could not reasonably have
  been requested within the prescribed period.

• All document requests must provide particularized
  information sufficient for the appropriate Department of
  Justice officials to evaluate the considerations set forth
  in 28 C.F.R. § 16.26.

• The parties must make their best efforts to avoid submitting

duplicative requests.  To ensure that the requests are not cumulative, we expect the parties to review all prior requests, and any documents produced by the government, before submitting further document requests.  To facilitate this, we enclose copies of the requests for FBI documents that we have received to date.  The parties should serve copies of any future requests on all liaison counsel, and all documents produced by the FBI in this matter will be served on all liaison counsel.

Please be advised that the FBI will not respond to overbroad requests.  As noted, the documents comprising the FBI's September 11 investigation, which is ongoing, number in the millions of pages.  It would be enormously and unduly burdensome for the FBI to search for, for example, "all documents relating to aviation security" or "all statements provided by American Airlines employees."  Instead, the parties must formulate narrowly targeted requests that identify specific individuals or specific documents or categories of documents, and make a particularized showing that such documents or categories of documents are relevant and material to the litigation.

Please be further advised that the FBI will not produce classified documents or information, see 28 C.F.R. § 16.28(b)(3), information over which the FBI asserts a privilege, including the law enforcement privilege, see id. § 16.28(a)(2), (b)(3)-(4), or information that is otherwise protected from disclosure under applicable law.

We look forward to discussing this matter further.

Very truly yours,

PETER D. KEISLER                    MICHAEL J. GARCIA
Assistant Attorney General          United States Attorney


DOUGLAS N. LETTER                   By:
ALEXANDER HAAS                         BETH E. GOLDMAN
U.S. Department of Justice             SARAH S. NORMAND
                                       JEANNETTE A. VARGAS
MATTHEW J. PERRY                       Assistant U.S. Attorneys
Federal Bureau of Investigation        Telephone: (212) 637-2732/2709
- Of Counsel -                         Facsimile: (212) 637-2730/2702

Enclosures

A)   Letter from Richard P. Campbell, dated October 16, 2006
B)   Letters from Michael Elsner, dated October 26, 2006 and
     January 24, 2007
C)   Letter from Jeffrey J. Ellis, dated November 3, 2006
D)   Email from Cathi Hession, dated November 13, 2006, and Chart
     entitled "Individuals Potentially Interviewed by FBI,
     provided on December 21, 2006
E)   Letter from Jeffrey W. Moryan, dated December 8, 2006
F)   Letter from Jonathan J. Ross, dated December 19, 2006
G)   Letter from Paul V. Kelly, dated January 30, 2007

cc:  Richard P. Campbell, Esq.
     Michael Elsner, Esq.
     Jeffrey J. Ellis, Esq.
     Cathi Hession, Esq.
     Jeffrey Moryan, Esq.
     Jonathan J. Ross, Esq.
     Paul V. Kelly, Esq.