CENTRAL INTELLIGENCE AGENCY
WASHINGTON, D.C. 20505

Office of General Counsel

1 May 2007

**VIA FIRST-CLASS MAIL**

Mr. Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
7 Times Square
New York, NY 10036

Re: In re September 11 Litigation; In re September 11 Property Damage and Business Loss Litigation, 21 MC 97 (AKH); 21 MC 101 (AKH) (S.D.N.Y.)

Dear Mr. Barry:

This letter is in reference to your 6 March 2007 letter to Beth E. Goldman and Sarah Normand, seeking the depositions of two individuals identified as "John" and "Mary." Your letter asserts that these individuals were employed by, or detailed to, the Central Intelligence Agency (CIA) and provided testimony in the U.S. v. Moussaoui trial (Case No. 01-455A (LMB) E.D. Va.). The letter and accompanying affidavits assert that you would like "John" and "Mary" to testify about (1) the performance of their official duties as alleged CIA employees or detailees, and (2) information the CIA may or may not have had prior to 11 September 2001.

Thus, we note that the testimony you seek concerns only the alleged actions of, and CIA information known to, "John" or "Mary" in their official capacities as CIA employees or detailees. Accordingly, any request that these individuals provide testimony is governed by United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951), 32 C.F.R. Part 1905, and other applicable statutes, regulations, and rules.

Your request fails to satisfy our Touhy regulation, 32 C.F.R. Part 1905. The affidavits accompanying your letter fail to provide a sufficiently detailed description of the testimony

Desmond T. Barry, Jr., Esq.

sought. Specifically, the affidavits fail to provide adequate detail for us to determine whether the information sought may be classified or otherwise not subject to disclosure pursuant to applicable statutes, regulations, rules, or privileges. Your statements that you only seek testimony concerning areas about which "John" and "Mary" previously testified does not cure this defect, as there may be specific information pertaining to these areas that remains undisclosed and is protected from disclosure. Such information may include, but may not be limited to, the identities of covert CIA personnel and whether or not the CIA has or had certain information. Accordingly, no further response is required at this time.

Even if your letter complied with our Touhy regulations, we would deny your request for the following reasons.

First, notwithstanding the representations in your affidavits that the testimony you seek only covers areas upon which "John" and "Mary" previously provided testimony, some of the information you seek to elicit nevertheless may be classified pursuant to Executive Order No. 12958, as amended by Executive Order No. 13292, 68 Fed. Reg. 15315 (Mar. 28, 2003). Again, such classified information may include, among other things, the identities of covert CIA personnel and whether or not the CIA has or had certain information. To the extent you seek classified information, or testimony that may disclose classified information, your request will be denied. See 32 C.F.R. § 1905.4(c)(3)(iv).

Second, some of the information you seek may be protected from unauthorized disclosure under Section 102A(i)(1) of the National Security Act of 1947, as amended, 50 U.S.C. § 403-1(i)(1), and Section 6 of the Central Intelligence Agency Act of 1949, as amended, 50 U.S.C. § 403g; or 32 C.F.R. § 1905.4(c)(3)(ii). These statutes and regulation require, among other things, the Director of National Intelligence (DNI) and the Director of the CIA (DCIA) to protect intelligence sources and methods from unauthorized disclosure. To the extent you seek testimony covered by these statutes and regulations, we will deny your request. Again, simply limiting testimony to the general areas about which "John" and "Mary" have already testified, as your affidavits contemplate, does not adequately

2

Desmond T. Barry, Jr., Esq.

protect against specific unauthorized disclosures. The fact that there has been testimony regarding a certain general area does not mean that all specific information about that matter has been disclosed; such information remains protected from disclosure for the reasons set out in this letter.

Third, requiring "John" and "Mary" to appear for deposition may place them at great personal risk and therefore would run afoul of the National Security Act of 1947 and the Central Intelligence Agency Act of 1949. See § 403-4a(d)(3) (requiring the DCIA to minimize the risks to those involved in the collection of human intelligence); 50 U.S.C. § 403g (providing that the CIA shall be exempt from the provisions of any other law requiring the publication or disclosure of the organization, functions, names, and official titles of personnel employed by the CIA). In the Moussaoui matter, many steps were taken to minimize any potential risks to "John" and "Mary," including the disclosure of their true identities. They were provided pseudonyms and they did not testify in person at the trial. Rather, their substituted testimony was read into the record pursuant to the Classified Information Procedures Act, 18 U.S.C. App. 3 – which does not apply in civil litigation. Asking "John" and "Mary" to appear for deposition – simply so they can repeat information already in the public record – would tend to erode the protections designed to shield their identities and affiliations, and ultimately would heighten the risk to their personal safety. Accordingly, the 1947 and 1949 Acts require that we deny your request.

Fourth, the testimony you seek may contain information that may have originated with other Government departments or agencies. Before offering testimony concerning such information, the CIA must coordinate its response with these departments and agencies. This coordination process would place an undue burden on the CIA.

Fifth, some information contained in the testimony that you seek may be protected from disclosure by the deliberative process, attorney-client communication, attorney work product, and law enforcement privileges. To the extent you may elicit testimony protected by these privileges, we will deny your request.

3

Desmond T. Barry, Jr., Esq.

Sixth, your request for testimony is overbroad and unduly burdensome, and would therefore unduly interfere with the orderly conduct of the CIA's functions. See 32 C.F.R. § 1905.4(c)(3)(vi); Rule 45(c)(3)(A)(iv), Fed. R. Civ. P. Because of the breadth of your request and the privileges and exemptions that may apply, the CIA cannot reasonably comply with your request.

Seventh, your request runs afoul of Rule 26(b)(2), Fed. R. Civ. P., which may limit discovery that is cumulative, duplicative, or available through less burdensome channels. Your representation that you only seek testimony that covers areas about which these individuals have previously testified confirms that you seek information already in the public record. Asking these individuals to testify on these areas yet again not only would yield duplicative information but also would impose a significant and unnecessary burden upon them and the CIA.

Eighth, the wide breadth of your request exceeds the scope of permissible discovery under Rule 26(b), Fed. R. Civ. P. This objection includes, but is not limited to, any improper effort to elicit opinion testimony from "John" or "Mary." Further, your request does not adequately explain, as it must, how the testimony you seek is relevant to any claim or defense in this matter.

Please note that the objections noted in this letter are neither exclusive nor exhaustive. The CIA reserves the right to make further objections. In addition, by asserting these objections, the CIA does not admit that any information responsive to this request exists.

If you have any questions, please feel free to call me at (703) 874-7222.

Sincerely,

Luther B. Pilkinton
Assistant General Counsel

4