

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

January 7, 2008

BY ELECTRONIC MAIL
Desmond T. Barry, Jr., Esq.
Condon & Forsyth LLP
Times Square Tower
7 Times Square
New York, NY 10036

    Re:  In Re September 11 Litigation
          21 MC 97, 21 MC 101 (AKH)

Dear Mr. Barry:

       This letter responds to your request of August 23, 2007, pursuant to 28 C.F.R. § 16.21 *et seq.*, for authorization to depose Behrooz Sarshar, who was formerly employed as a translator by the Federal Bureau of Investigation ("FBI"). According to your request, you seek to depose Mr. Sarshar regarding his alleged participation in two interviews with "a former member of the Iranian intelligence service who had been a longtime informant for the FBI" during which "the Informant reported to the FBI that al-Qaeda was planning terrorist attacks on the United States in which commercial aircraft would be used as weapons."

       The United States Department of Justice ("DOJ") has broad discretion to determine whether its employees shall be permitted to testify or produce documents in cases, such as this one, in which DOJ is not a party. *See* 28 C.F.R. § 16.21 *et seq.*; *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989). This rule applies to both current and former DOJ employees. *See* 28 C.F.R. §§ 16.21(a), 16.22(a), 16.28(a). Department of Justice regulations prohibit any DOJ employee from producing documents or disclosing information "without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part." 28 C.F.R. § 16.22(a).

       We decline to authorize Mr. Sarshar's testimony in the above-referenced litigation and raise the following objections to the proposed deposition.

       First, your request for testimony is denied because the information you seek is not relevant to the claims or defenses of any party to this litigation. *See* Fed. R. Civ. P. 26(b)(1); *see also* 28 C.F.R. § 16.26(a) ("In deciding whether to make disclosure pursuant to a demand, Department officials and attorneys should consider (1) whether such disclosure is appropriate under the rules of procedure governing the case . . . ."). The requested information appears to fall

squarely into the category of pre-September 11 intelligence or threat information that was known (or not) by the government and that was not communicated to the Aviation Defendants. The relevance of such threat or intelligence information was already the subject of motion practice in the *In Re September 11 Litigation*. For the reasons stated in the Government's Memorandum of Law in Opposition to Defendants' Motion Regarding Scope of Government Discovery, the FBI denies your request for the testimony of Mr. Sarshar.

Second, the affidavit accompanying your *Touhy* request is deficient in that it fails to set forth the basis for your assertion that Mr. Sarshar has particular and personal knowledge with respect to the FBI's assessment of whether information allegedly received from the alleged informant is credible or actionable; the steps the FBI took in response to the information allegedly conveyed by the alleged informant; and whether the information allegedly received from the alleged informant was conveyed to the Federal Aviation Administration or the Aviation Defendants.

Third, a significant amount of the information that you have requested is protected from disclosure because it involves classified national security information, matters protected by the law enforcement investigative privilege, or information that would tend to reveal a confidential source or informant. *See* 28 C.F.R. §§ 16.26(a)(2), (b)(3)-(5). Moreover, the process of separating the classified information from the non-classified information, or making a determination whether the information should be withheld pursuant an applicable privilege, would be an extremely difficult and burdensome task and would pose an unacceptable risk that classified information or law enforcement matters may be inadvertently disclosed. *See* Fed. R. Civ. P. 45(c)(3)(A)(i). This risk is heightened in the context of a deposition, where open-ended inquiries may elicit responses in which classified or privileged material is intertwined and not readily segregable. *Cf. Burnett v. Al Baraka Inv. & Devel. Corp.*, 323 F. Supp.2d 82, 83 (D.D.C. 2004) (quashing subpoena issued for deposition of FBI translator on state secret grounds). The fact that there have been inadvertent disclosures of Sensitive Security Information in depositions in this litigation, notwithstanding the presence of government counsel and security experts from the Transportation Security Administration, underscores the impossibility of ensuring the sensitive information is fully protected in the deposition context.

Fourth, some of the information contained in the testimony that you seek may be protected from disclosure by the deliberative process, attorney-client, work product, or other applicable privileges. To the extent you seek to elicit testimony protected by these privileges, your request is denied. *See* 29 C.F.R. § 16.26(a)(2).

We reject your bald assertion that it can be inferred from Mr. Sarshar's public statements regarding his employment with the FBI, or from the public statements of another former FBI contractor, that "the FBI has already concluded" that disclosure of the information requested in your *Touhy* request "would not infringe an applicable privilege, violate a statute or regulation, reveal classified information, reveal a confidential source or informant, reveal investigative records or interfere with enforcement proceedings, or improperly reveal trade secrets." Moreover, your request on its face implicates a vast amount of classified and privileged information that was neither disclosed nor waived by virtue of Mr. Sarshar's limited public statements on certain of the requested topics.

Fifth, your request for testimony is overbroad and unduly burdensome. *See* Fed. R. Civ. P. 45(c)(3)(A)(iv). Given the breadth of the request and the privileges and exemptions that may apply, it would impose an undue burden on the FBI to segregate the information that may be disclosable and then to prepare Mr. Sarshar to testify about these materials. *See, e.g., Linder v. NSA*, 94 F.3d 693, 697-98 (D.C. Cir. 1996) (quashing subpoena in its entirety in light of burden on agency and privileged nature of majority of responsive documents). Indeed, it was partially in recognition of the burden discovery regarding threat and intelligence information that had not been communicated to the Aviation Defendants would impose on the Government that the district court ruled that it would not permit the Aviation Defendants to take such discovery. *See In re September 11th Litigation*, No. 21 MC 97, Transcript of Oral Argument, dated June 14, 2007, at 128-20.

Sixth, your request runs afoul of Rule 26(b)(2) of the Federal Rules of Civil Procedure, which provides for limits on discovery that is cumulative, duplicative, or available through less burdensome channels. To the extent that you seek testimony concerning matters that can be derived from other public sources, such information is already in the public record. Asking Mr. Sarshar to testify again concerning these matters not only would yield duplicative information but also would impose a significant and unnecessary burden on the FBI and Mr. Sarshar.

Seventh, the wide breadth of the topics to be covered in your proposed deposition exceeds the scope of permissible discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

Please note that the objections noted in this letter are neither exclusive nor exhaustive. The FBI reserves the right to make further objections to the proposed deposition as necessary.

For all of the foregoing reasons, the FBI denies your request for the deposition of Mr. Sarshar. Please contact Beth Goldman, Sarah Normand or Jeannette Vargas at 212-637-2732/2709/2678 if you have any questions.

Very truly yours,

By: _____
MICHAEL J. GARCIA
United States Attorney