USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/07

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
IN RE SEPTEMBER 11 LITIGATION          :          21 MC 97 (AKH)
                                                      :          21 MC 101 (AKH)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :          This document relates to:
IN RE SEPTEMBER 11 PROPERTY DAMAGE   :          ALL ACTIONS
AND BUSINESS LOSS LITIGATION            :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATED PROTECTIVE ORDER GOVERNING ACCESS TO, HANDLING OF, AND DISPOSITION OF POTENTIAL SENSITIVE SECURITY INFORMATION

In accordance with Section 525(d) of the Department of Homeland Security

Appropriations Act, 2007, Public Law No. 109-295, 120 Stat. 1355 (the "Act"), and Federal Rule

of Civil Procedure 26, the Court hereby enters this Stipulated Protective Order Governing Access

to, Handling of, and Disposition of Potential Sensitive Security Information (the "Order")

exchanged in discovery in the above-captioned matters (the "Litigation").

### A.    Preliminary Matters

#### 1.    Application.

1.1.    This Order shall govern any document, information or other material that

potentially contains "Sensitive Security Information" as defined herein.

#### 2.    Definitions.

2.1.    Aviation Defendants.  The term "Aviation Defendants" shall mean those

defendants in the Litigation that are represented by the Aviation Defendants' Executive

Committee, as set forth in this Court's Order Creating Property Damage Track and Reorganizing

Committees, dated March 2005.

1

2.2.   Cross-Claim Plaintiffs.  The term "Cross-Claim Plaintiffs" shall mean ground defendants in this Litigation who have, at any time, filed cross-claims or third-party complaints (including, but not limited to, claims for contribution and indemnification) that are pending against an Aviation Defendant.

2.3.   Deemed Covered Person.  The term "Deemed Covered Person" shall refer to any individual whom TSA has cleared for access to Sensitive Security Information pursuant to Section 5 of this Order.

2.4.   Documents.  The term "Documents" shall include, but is not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise).  The term further includes, but is not limited to, the following:

a.   papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts, graphs, inter-office and intra-office communications, notations of any sort concerning conversations, meetings, or other communications, bulletins, teletypes, telegrams, telefacsimiles, invoices, worksheets, and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

b.   graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

c.   electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, electronic mail, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage.

2

2.5.    <u>Parties</u>.  The terms "Party" and "Parties" refer to the parties to the Litigation and their counsel, excluding TSA, as well as any and all future parties to the Litigation.

2.6.    <u>Plaintiffs</u>.  The term "Plaintiffs" means collectively the personal injury/wrongful death plaintiffs in 21 MC 97 and the property damage/business loss plaintiffs in 21 MC 101.

2.7.    <u>Reading Room</u>.  The term "Reading Room" shall mean the restricted and secured area maintained by TSA or the Department of Justice ("DOJ") at 26 Federal Plaza, Room 2940, New York, New York.

2.8.    <u>Reading Room Counsel</u>.  The term "Reading Room Counsel" shall mean that subset of Deemed Covered Persons described in section 5.3 of this Order.

2.9.    <u>Reading Room Document</u>.  The term "Reading Room Document" shall mean any Document that TSA has designated for inclusion in the Reading Room.

2.10.    <u>Sensitive Security Information</u>.  The term "Sensitive Security Information" shall have the meaning set forth in 49 U.S.C. § 114(s)(1)(C), 49 C.F.R. § 1520.1 <u>et seq.</u>, and as designated in orders issued by TSA pursuant to 49 U.S.C. § 114(s).

**B.    TSA's Preliminary Review of Documents**

    3.    **Scope of Material Protected by this Order.**

3.1.    All Documents sought to be produced in connection with this litigation that contain, or that the producing party has reason to believe contain, Sensitive Security Information, shall first be submitted to TSA for review, with an accompanying index of the submitted Documents, as required under 49 C.F.R. § 1520.9(a)(3).  The indices of the Documents submitted shall be provided to all signatories to this Order by the producing party.

3

3.2.    This Order shall apply not only to Documents potentially containing Sensitive Security Information that are produced by the Parties, but also to documents produced by non-parties who are covered persons pursuant to 49 C.F.R. § 1520.7 and documents produced by government agencies. Any Party serving a subpoena or other document request upon a non-party that is a covered person pursuant to 49 C.F.R. § 1520.7 or a government agency shall serve a copy of this Order along with the subpoena or other document request.

3.3.    TSA shall conduct and use its best efforts to promptly complete a preliminary review to determine if any particular submitted Document contains Sensitive Security Information. Upon completion of this preliminary review, to the extent that a Document does not contain Sensitive Security Information, TSA shall release or authorize the release of the Document and the Document shall no longer be subject to this Order. Information that TSA has determined does not constitute Sensitive Security Information may be used and disclosed in any manner consistent with the disclosure of non-Sensitive Security Information documents exchanged in discovery in this litigation.

3.4.    Upon completion of this preliminary review, to the extent that TSA determines that any Document reviewed by TSA is likely to contain Sensitive Security Information, TSA shall authorize the inclusion in the Reading Room of such Document in unredacted form unless, with respect to a particular Document or Documents, 1) the Sensitive Security Information contained therein is not relevant to the above-captioned litigation; 2) the Parties do not have a substantial need for the Sensitive Security Information contained therein; or 3) TSA determines that the disclosure of the Sensitive Security Information contained therein under the terms of this Order presents a risk of harm to the nation.

3.5.    Upon completion of this preliminary review, to the extent that a Document contains a range of Sensitive Security Information, some of which is appropriate for inclusion in

4

the Reading Room and some of which is inappropriate for inclusion in the Reading Room under the criteria set forth in Section 3.4 of this Order and Section 525(d) of the Act, TSA shall redact the Sensitive Security Information that is inappropriate for inclusion in the Reading Room. TSA shall then authorize the inclusion of such Document in the Reading Room only in redacted form.

3.6.    To the extent that multiple pages of a Document are redacted, a "slip sheet" or other similar identifier shall be inserted in the place of the material redacted to sufficiently identify the material redacted and the basis under this Order for the withholding. To the extent that a Document is withheld in full from the Reading Room under the criteria set forth in Section 3.4 of this Order and Section 525(d) of the Act, TSA shall provide the Parties with a log containing a description of the Document withheld and the basis under this Order for the withholding.

3.7.    To the extent there is a dispute concerning whether redacted or withheld Sensitive Security Information should be included in the Reading Room under the criteria set forth in Section 3.4 of this Order and Section 525(d) of the Act, the Parties and TSA shall meet and confer in an attempt to resolve the dispute consensually. Failing to reach agreement, the parties or TSA may submit the dispute to this Court for resolution.

3.8.    Prior to placement in the Reading Room, the entity responsible for producing documents for potential inclusion in the Reading Room shall label or stamp any Reading Room Document with the following language:

**SUBJECT TO SENSITIVE SECURITY INFORMATION**
**PROTECTIVE ORDER**
**IN RE SEPTEMBER 11 LITIGATION**
**21 MC 97 (AKH) (S.D.N.Y.)**
**21 MC 101 (AKH) (S.D.N.Y.)**

**SENSITIVE SECURITY INFORMATION**
**WARNING: THIS RECORD MAY CONTAIN SENSITIVE**
**SECURITY INFORMATION THAT IS CONTROLLED**
**UNDER 49 CFR PART 1520. NO PART OF THIS RECORD**

MAY BE DISCLOSED TO PERSONS WITHOUT A 'NEED
TO KNOW,' AS DEFINED IN 49 CFR PART 1520, EXCEPT
WITH THE WRITTEN PERMISSION OF THE
ADMINISTRATOR OF THE TRANSPORTATION
SECURITY ADMINISTRATION. UNAUTHORIZED
RELEASE MAY RESULT IN CIVIL PENALTY OR OTHER
ACTION.

3.9.    Upon request by any Party or on its own initiative, TSA shall review any

Document in the Reading Room to re-assess whether it contains any Sensitive Security

Information. To the extent that TSA determines upon re-review that the Document does not

contain any Sensitive Security Information, TSA shall release the Document from the Reading

Room pursuant to Section 3.3 of this Order; to the extent TSA determines upon re-review that

the Document does contain Sensitive Security Information, TSA shall apply the procedures of

Sections 3.4 through 3.7 of this Order.

**C.    Access to Sensitive Security Information**

4.    **Operation of Reading Room.** TSA shall establish procedures governing access

to the Reading Room and may place reasonable and necessary restrictions on the schedule of use

of the Reading Room, but must afford appropriate and adequate access to all Deemed Covered

Persons. TSA shall establish procedures to ensure that the Reading Room will be maintained

and operated in the most efficient manner consistent with providing appropriate and adequate

access, the protection of the Sensitive Security Information, and reasonable limitations of

Government resources.

5.    **Clearances**.

5.1.    TSA shall condition its clearance for access to Sensitive Security

Information upon the successful completion of the criminal history records check and terrorist

assessment mandated by Section 525(d) of the Act.

5.2.    Access to the Reading Room and the Sensitive Security Information contained therein shall be restricted to a subset of Deemed Covered Persons ("Reading Room Counsel"), consisting of i) one attorney per firm representing a Party participating in this Litigation, provided that a firm may voluntarily relinquish its clearance allotment and allocate it to another firm representing a Party in this Litigation at its discretion; and ii) an additional five attorneys representing Parties in each of the following groups, to be chosen at the discretion of each such group: the Plaintiffs, the Aviation Defendants, and the Cross-Claim Plaintiffs.

5.3.    In addition to the clearances granted to Reading Room Counsel, TSA shall grant clearances for access to Sensitive Security Information that is authorized for release from the Reading Room pursuant to Section 7 of this Order to i) an additional attorney per firm representing a Party participating in this Litigation; provided that, a firm may voluntarily relinquish its clearance allotment and allocate it to another firm in this Litigation at its discretion; ii) a limited number of court reporters employed in connection with this Litigation, provided that any such court reporter agrees in writing to be bound by the terms of this Protective Order; and iii) experts retained by a Party participating in this Litigation, provided that any such expert agrees in writing to be bound by the terms of this Protective Order.

5.4.    Should a law firm or legal practice cease representing a Party participating in this Litigation, for whatever reason, all Deemed Covered Persons employed by such law firm or legal practice shall no longer be cleared for access to Sensitive Security Information under this Order. Should an attorney cleared for access to SSI under this Section cease to be employed by a law firm or legal practice that represents a Party participating in this Litigation, such attorney will no longer be cleared for access to Sensitive Security Information under this Order; provided, however, that such law firm or legal practice will not lose their clearance allotment under Sections 5.2 and 5.3 by virtue of such attorney's departure.

7

5.5.    TSA shall make best efforts to complete the clearance process for attorneys representing Parties participating in this Litigation who seek to become Deemed Covered Persons within 45 days after such counsel submit the required forms and fingerprint cards to TSA.

6.    **Access to Sensitive Security Information in the Reading Room.**   Only Reading Room Counsel may have access to Sensitive Security Information that is maintained in the Reading Room, subject to the following restrictions:

6.1.    All Reading Room Documents and all information contained in Reading Room Documents shall be presumed to contain Sensitive Security Information unless and until TSA or a court of competent jurisdiction determines otherwise.

6.2.    Access to the Reading Room is limited solely to Reading Room Counsel.

6.3.    Except as provided in Sections 7-9 of this Order, Reading Room Counsel may review or otherwise have access to Sensitive Security Information protected by this Order only in the Reading Room.

6.4.    Except as provided in Sections 7-9 of this Order, Reading Room Counsel are prohibited from removing any Sensitive Security Information from the Reading Room. This includes, but is not limited to, removing Reading Room Documents or copies of Reading Room Documents from the Reading Room; removing any notes from the Reading Room created by Reading Room Counsel that contain Sensitive Security Information; making, transcribing, or preparing notes, pleadings or Documents containing Sensitive Security Information, in whatever format, outside the Reading Room; or otherwise reproducing Sensitive Security Information outside the Reading Room. Notwithstanding the foregoing, notes that generally describe Reading Room documents and do not contain substantive information from such documents shall

8

not be deemed to contain Sensitive Security Information and may be removed from the Reading Room.

6.5.    Except as provided in Sections 7-9 of this Order, Reading Room Counsel are prohibited from disclosing, in any manner, or otherwise providing access to, Sensitive Security Information, however obtained, to any individual or entity.

6.6.    Except as permitted in Sections 7-9 of this Order, Reading Room Counsel are prohibited from aiding or assisting any person or entity in disclosing, in any manner, or otherwise providing access to, Sensitive Security Information.

7.    **Use of Reading Room Documents.**

7.1.    Any Party who wishes to use a Reading Room Document, or information contained in a Reading Room Document, outside the Reading Room for any pretrial purpose must request a review of such Document from TSA. TSA will then conduct a detailed review of such Document. If, in conducting this detailed review, TSA determines that the Document contains no Sensitive Security Information, TSA shall authorize the release of such Document in unredacted form and such Document may be used and disclosed in any manner consistent with the disclosure of non-Sensitive Security Information Documents exchanged in discovery in this Litigation. If, in conducting this detailed review, TSA determines that a Document contains Sensitive Security Information, and further determines that there is a segregable excerpt of the Document that does not contain Sensitive Security Information, TSA shall identify the Sensitive Security Information contained therein and authorize the Document for release from the Reading Room only with all Sensitive Security Information redacted from the Document.

7.2.    A Party may have access to unredacted Reading Room Documents, and any Sensitive Security Information contained therein, outside the Reading Room ("Restricted Use Documents"), only upon a showing that the Party has a substantial need for access outside

9

the Reading Room to the particular Sensitive Security Information contained within the Reading Room Document. To the extent there is a dispute concerning whether a Party (or Parties) has a substantial need for access to particular Sensitive Security Information outside the Reading Room, the Party (or Parties) and TSA shall meet and confer in an attempt to resolve the dispute consensually. Failing to reach agreement, the Party (or Parties) or TSA may submit the dispute to this Court for resolution. No Reading Room Document, or Sensitive Security Information contained therein, shall be removed from the Reading Room without the prior consent of TSA or authorization from this Court.

   7.3. Access to Restricted Use Documents, and the Sensitive Security Information contained therein, outside the Reading Room shall be permitted only under the following conditions:

    7.3.1. Restricted Use Documents shall be maintained solely on the specific electronic media provided by TSA. Moreover, each firm in this Litigation will be provided with only a single set of the electronic media containing that firm's requested Restricted Use Document(s). No copies of the electronic media, nor hard copies of Restricted Use Document(s), shall be created, except as permitted in Sections 8 and 9 of this Order.

    7.3.2. Only Deemed Covered Persons may maintain custody of the electronic media containing the Restricted Use Document(s), and such Deemed Covered Persons have a duty to safeguard the electronic media, the Restricted Use Document(s), and the Sensitive Security Information contained therein, from unauthorized disclosure. When not in the physical possession of the Deemed Covered Person with custody of the electronic media containing the Restricted Use Document(s), the electronic media shall be stored by the Deemed Covered Person in a secured container, such as a locked desk or file cabinet.

7.3.3. Access to Restricted Use Documents, the Sensitive Security Information contained therein, or the electronic media containing a Restricted Use Document shall be restricted to the following persons:

    a. Deemed Covered Persons;

    b. Persons who currently have authorized access to the Document and/or the Sensitive Security Information contained therein pursuant to 49 C.F.R. § 1520.1 <u>et seq.</u>, provided that, before any Deemed Covered Person provides a person with access to Sensitive Security Information under this subsection, TSA is first provided with that person's name, position and a brief description of the Sensitive Security Information in question, and TSA confirms that the person has authorized access to such Sensitive Security Information;

    c. Persons who previously had authorized access to, and knowledge of, the Document and/or the Sensitive Security Information contained therein pursuant to 49 C.F.R. § 1520.1 <u>et seq.</u>, provided that, before any Deemed Covered Person provides a person with access to Sensitive Security Information under this subsection, TSA is first provided with that person's name, position and a brief description of the Sensitive Security Information in question, and TSA confirms that the person previously had authorized access to such Sensitive Security Information; and

    d. Designated court personnel.

7.3.4.   A Deemed Covered Person may create Documents containing Sensitive Security Information found in a Restricted Use Document, provided that any such Document is secured in the same or equivalent manner, to the same or equivalent extent, and with the same restrictions on access as the electronic media containing the Restricted Use Document.

7.3.5.   In the event that a Deemed Covered Person loses or relinquishes his or her clearance for access to Sensitive Security Information, for whatever reason, the former Deemed Covered Person must promptly certify in writing to TSA that all Documents, Restricted Use Documents or electronic media in his or her custody containing Sensitive Security Information have either been destroyed or returned to TSA.

8.      **Depositions and Examinations.**

8.1.    Information that is found not to contain any Sensitive Security Information may be used and elicited during the examination of a witness in a manner consistent with examinations that do not implicate Sensitive Security Information.

8.2.    Sensitive Security Information that is authorized for release from the Reading Room pursuant to Section 7 of this Order may be used and/or elicited during the examination of a witness, subject to the following restrictions:

8.2.1.   Only the individuals identified in Section 7.3.3 of this Order may be present in the room when such Sensitive Security Information is used and/or elicited.

8.2.2.   To the extent that a Deemed Covered Person wishes to use a Restricted Use Document as an exhibit at a deposition, the Deemed Covered Person may print a limited number of hard copies of such Restricted Use Document using a secure printer located at the Deemed Covered Person's place of employment for use solely as exhibits at the deposition, provided that at the conclusion of the deposition, the original marked deposition exhibit and all

12

hard copies are collected and maintained by a cleared court reporter who has been designated by the Parties as the custodian of such Documents. The court reporter designated as the custodian of the Restricted Use Documents shall secure the Restricted Use Documents in the same manner, to the same extent, and with the same restrictions on access prescribed in Section 7.3 of this Order.

        8.2.3.  Any Party or Parties who take(s) a deposition at which Sensitive Security Information is used or elicited shall 1) place the unredacted deposition transcript in the Reading Room; and 2) promptly submit the deposition transcript to TSA for review. TSA shall redact all Sensitive Security Information from the deposition transcript and authorize the release of the deposition transcript only in redacted form.

        8.2.4.  Only the individuals identified in Section 7.3.3 of this Order may have access to the unredacted deposition transcript outside the Reading Room. The unredacted deposition transcript shall be secured in the same manner, to the same extent, and with the same restrictions on access as Restricted Use Documents, as set forth in Section 7.3 of this Order.

        8.3.    Sensitive Security Information that is not authorized for release from the Reading Room pursuant to Section 7 of this Order may not be used or elicited during the examination of a witness. The Parties are prohibited from attempting to use or elicit during the examination of a witness Sensitive Security Information that the Parties know or reasonably should know has not been authorized for release from the Reading Room pursuant to Section 7 of this Order.

        8.4.    All deposition transcripts in this Litigation that may potentially contain Sensitive Security Information must be reviewed by TSA before such deposition transcripts may be released to any individual, including but not limited to the deponent and the Parties. To the extent that TSA determines, upon review of the deposition transcript, that the transcript contains

13

Sensitive Security Information that has not been authorized for release from the Reading Room pursuant to Section 7 of this Order, TSA shall authorize the transcript for release only with all such Sensitive Security Information redacted from the transcript.

9.    **Motions and Pretrial Court Proceedings.**

9.1.    Any Party who wishes to use a Restricted Use Document or the Sensitive Security Information contained therein in connection with a pretrial motion or other submission to this Court must file the Restricted Use Document and any pleadings, motions or other papers containing Sensitive Security Information under seal. Where possible, only the portions of the filings that contain Sensitive Security Information shall be filed under seal.

10.    **Unauthorized Disclosures.**

10.1.    If Sensitive Security Information is disclosed other than as authorized by this Order, the Party or person responsible for the unauthorized disclosure, and any other Party, person, firm or entity who is subject to this Order and learns of the unauthorized disclosure, shall immediately bring such disclosure to the attention of the Court and TSA.

10.2.    The Party or person responsible for the unauthorized disclosure shall make every effort to obtain the return of the Sensitive Security Information (including, without limitation, from the person to whom the unauthorized disclosure was made and from any other person to whom Sensitive Security Information was transmitted as a direct or indirect result of the unauthorized disclosure) and to prevent further disclosure on its own part or on the part of any person to whom the unauthorized disclosure was made.

10.3.    In addition to any other remedies that are available under law, any Party, person, firm or entity responsible for an unauthorized disclosure of Sensitive Security Information protected by this Order may be subject to a civil penalty of up to $50,000, and all other remedies provided under 49 C.F.R. § 1520.17.

14

10.4.   In the event that TSA determines that a Deemed Covered Person has intentionally, willfully or recklessly disclosed Sensitive Security Information in violation of this Order, TSA may, in the exercise of its sole discretion, revoke such Deemed Covered Person's clearance for access to Sensitive Security Information.  Furthermore, TSA may consider such intentional, willful or reckless disclosure in determining whether granting access to Sensitive Security Information to any member of a firm or entity that employed such Deemed Covered Person, and/or to the Party whom that Deemed Covered Person represents in this Litigation, if applicable, would present a risk of harm to the nation pursuant to Section 525(d) of the Act.

10.5.   TSA reserves the right to revoke a Deemed Covered Person's clearance in the event TSA obtains information that leads TSA to determine that granting such Deemed Covered Person access to Sensitive Security Information presents a risk of harm to the nation.

**D.    Reservation of Rights**

11.    In the event that TSA determines that a Document containing Sensitive Security Information, or portion thereof, was inappropriately made available to the Parties in the Reading Room or otherwise, TSA reserves the right to remove the Document, or portion thereof, from the Reading Room, and to take any other measures necessary to protect the Sensitive Security Information at issue.

12.    Nothing in this Order shall constitute an agreement by or among the Parties as to the appropriateness of TSA's designation of any information as Sensitive Security Information, or this Court's jurisdiction to adjudicate any challenge respecting TSA's designation of information as Sensitive Security Information, nor shall anything contained herein be deemed to prejudice TSA's right to argue that this Court lacks jurisdiction to adjudicate any challenge respecting TSA's designation of information as Sensitive Security Information.  Notwithstanding the foregoing, TSA represents that it will make Sensitive Security Information designations in

15

accordance with section VI(E) of Department of Homeland Security Management Directive 11056.1, which has been amended in accordance with Section 525(a) of the Act.

13.    Nothing in this Order shall constitute an agreement by or among the Parties or TSA, or a ruling by this Court, as to the relevance to this Litigation of any information produced in discovery or the Parties' substantial need for such information, nor shall anything in this Order constitute an agreement by or among the Parties or TSA, or a ruling by this Court, as to TSA's right under the Act to make determinations with respect to the relevance to this Litigation of any information produced in discovery or the Parties' substantial need for such information.

14.    Nothing contained herein alters or affects in any manner a covered person's obligations and duties as set forth in 49 C.F.R. Part 1520.

15.    Nothing contained herein shall be deemed an admission by TSA or any Party as to the proper interpretation of Section 525(d) of the Act, nor shall anything contained herein prejudice the right of TSA or any Party to make any argument, in this Litigation or in any other forum, with respect to the interpretation of Section 525(d) of the Act.

16.    The terms and conditions of this Order are intended to apply only during the pretrial phase of this Litigation.  Nothing contained herein shall be deemed an agreement by the Parties or TSA as to the handling of, or access to, Sensitive Security Information during any potential trial that may be held in this Litigation, nor shall anything contained herein prejudice the right of the Parties or TSA to make any argument with respect to the handling of, or access to, Sensitive Security Information during any potential trial that may be held in this Litigation.

17.    This Order may be modified by this Court upon application to the Court by any Party or TSA and upon a showing of good cause.

16

**STIPULATED AMONG COUNSEL:**

**MICHAEL J. GARCIA**
United States Attorney for the
Southern District of New York

By: _____
    Beth E. Goldman
    Sarah S. Normand
    Jeannette A. Vargas
    Assistant United States Attorneys
    *Attorneys for the Transportation*
    *Security Administration*

**KREINDLER & KREINDLER LLP**

By: _____
    Marc S. Moller, Esq.
    Brian J. Alexander, Esq.
    Justin Green, Esq.
    *Liaison Counsel for PI/WD Plaintiffs*

**CLIFFORD LAW OFFICES**

By: _____
    Robert A. Clifford, Esq.
    Timothy Tomasik, Esq.
    *Liaison Counsel for PD/BL*
    *Plaintiffs*

**GREGORY P. JOSEPH**

By: _____
    Gregory P. Joseph, Esq.
    Douglas J. Pepe, Esq.
    *Counsel for Plaintiffs*

**MOTLEY RICE LLC**

By: _____
    Ronald L. Motley, Esq.
    Jodi Westbrook Flowers, Esq.
    Donald Migliori, Esq.
    Mary Schiavo, Esq.
    Michael Elsner, Esq.
    Robert T. Haefele
    Elizabeth Smith, Esq.
    Justin B. Kaplan, Esq.
    *Attorneys for Plaintiffs*

**CONDON & FORSYTH LLP**

By: _____
    Desmond T. Barry, Esq.
    Christopher Christensen, Esq.
    Eric C. McNamar, Esq.
    *Liaison Counsel for Aviation Defendants*

**FLEMMING ZULACK WILLIAMSON**
**ZAUDERER LLP**

By: _____
    Richard A. Williamson, Esq.
    *Liaison Counsel for Ground Defendants*

**SCHIFF HARDIN LLP**

By: _____
    Beth D. Jacob, Esq.
    *Liaison Counsel for WTC7 Ground*
    *Defendants*

17

**STIPULATED AMONG COUNSEL:**

**MICHAEL J. GARCIA**
**United States Attorney for the**
**Southern District of New York**

By:_____
    Beth E. Goldman
    Sarah S. Normand
    Jeannette A. Vargas
    Assistant United States Attorneys
    *Attorneys for the Transportation*
    *Security Administration*

**KREINDLER & KREINDLER LLP**

By:_____
    Marc S. Moller, Esq.
    Brian J. Alexander, Esq.
    Justin Green, Esq.
    *Liaison Counsel for PI/WD Plaintiffs*

**CLIFFORD LAW OFFICES**

By:_____
    Robert A. Clifford, Esq.
    Timothy Tomasik, Esq.
    *Liaison Counsel for PD/BL*
    *Plaintiffs*

**GREGORY P. JOSEPH**

By:_____
    Gregory P. Joseph, Esq.
    Douglas J. Pepe, Esq.
    *Counsel for Plaintiffs*

**MOTLEY RICE LLC**

By:_____
    Ronald L. Motley, Esq.
    Jodi Westbrook Flowers, Esq.
    Donald Migliori, Esq.
    Mary Schiavo, Esq.
    Michael Elsner, Esq.
    Robert T. Haefele
    Elizabeth Smith, Esq.
    Justin B. Kaplan, Esq.
    *Attorneys for Plaintiffs*

**CONDON & FORSYTH LLP**

By:_____
    Desmond T. Barry, Esq.
    Christopher Christensen, Esq.
    Eric C. McNamar, Esq.
    *Liaison Counsel for Aviation Defendants*

**FLEMMING ZULACK WILLIAMSON**
**ZAUDERER LLP**

By:_____
    Richard A. Williamson, Esq.
    *Liaison Counsel for Ground Defendants*

**SCHIFF HARDIN LLP**

By:_____
    Beth D. Jacob, Esq.
    *Liaison Counsel for WTC7 Ground*
    *Defendants*

17

**STIPULATED AMONG COUNSEL:**

**MICHAEL J. GARCIA**
**United States Attorney for the**
**Southern District of New York**


By:_____
    Beth E. Goldman
    Sarah S. Normand
    Jeannette A. Vargas
    Assistant United States Attorneys
    *Attorneys for the Transportation*
    *Security Administration*


**KREINDLER & KREINDLER LLP**

By:_____
    Marc S. Moller, Esq.
    Brian J. Alexander, Esq.
    Justin Green, Esq.
    *Liaison Counsel for PI/WD Plaintiffs*


**CLIFFORD LAW OFFICES**


By:_____
    Robert A. Clifford, Esq.
    Timothy Tomasik, Esq.
    *Liaison Counsel for PD/BL*
    *Plaintiffs*


**GREGORY P. JOSEPH**


By:_____
    Gregory P. Joseph, Esq.
    Douglas J. Pepe, Esq.
    *Counsel for Plaintiffs*


**MOTLEY RICE LLC**


By:_____
    Ronald L. Motley, Esq.
    Jodi Westbrook Flowers, Esq.
    Donald Migliori, Esq.
    Mary Schiavo, Esq.
    Michael Elsner, Esq.
    Robert T. Haefele
    Elizabeth Smith, Esq.
    Justin B. Kaplan, Esq.
    *Attorneys for Plaintiffs*


**CONDON & FORSYTH LLP**


By:_____
    Desmond T. Barry, Esq.
    Christopher Christensen, Esq.
    Eric C. McNamar, Esq.
    *Liaison Counsel for Aviation Defendants*


**FLEMMING ZULACK WILLIAMSON**
**ZAUDERER LLP**


By:_____
    Richard A. Williamson, Esq.
    *Liaison Counsel for Ground Defendants*


**SCHIFF HARDIN LLP**


By:_____
    Beth D. Jacob, Esq.
    *Liaison Counsel for WTC7 Ground*
    *Defendants*


17

**STIPULATED AMONG COUNSEL:**

**MICHAEL J. GARCIA**
**United States Attorney for the**
**Southern District of New York**

By:_____
    Beth E. Goldman
    Sarah S. Normand
    Jeannette A. Vargas
    Assistant United States Attorneys
    *Attorneys for the Transportation*
    *Security Administration*

**MOTLEY RICE LLC**

By:_____
    Ronald L. Motley, Esq.
    Jodi Westbrook Flowers, Esq.
    Donald Migliori, Esq.
    Mary Schiavo, Esq.
    Michael Elsner, Esq.
    Robert T. Haefele
    Elizabeth Smith, Esq.
    Justin B. Kaplan, Esq.
    *Attorneys for Plaintiffs*

**KREINDLER & KREINDLER LLP**

By:_____
    Marc S. Moller, Esq.
    Brian J. Alexander, Esq.
    Justin Green, Esq.
    *Liaison Counsel for PI/WD Plaintiffs*

**CONDON & FORSYTH LLP**

By:_____
    Desmond T. Barry, Esq.
    Christopher Christensen, Esq.
    Eric C. McNamar, Esq.
    *Liaison Counsel for Aviation Defendants*

**CLIFFORD LAW OFFICES**

By:_____
    Robert A. Clifford, Esq.
    Timothy Tomasik, Esq.
    *Liaison Counsel for PD/BL*
    *Plaintiffs*

**FLEMMING ZULACK WILLIAMSON**
**ZAUDERER LLP**

By:_____
    Richard A. Williamson, Esq.
    *Liaison Counsel for Ground Defendants*

**SCHIFF HARDIN LLP**

**GREGORY P. JOSEPH**

By:_____
    Gregory P. Joseph, Esq.
    Douglas J. Pepe, Esq.
    *Counsel for Plaintiffs*

By:_____
    Beth D. Jacob, Esq.
    *Liaison Counsel for WTC7 Ground*
    *Defendants*

17

**STIPULATED AMONG COUNSEL:**

**MICHAEL J. GARCIA**
**United States Attorney for the**
**Southern District of New York**


By:_____
    Beth E. Goldman
    Sarah S. Normand
    Jeannette A. Vargas
    Assistant United States Attorneys
    *Attorneys for the Transportation*
    *Security Administration*


**KREINDLER & KREINDLER LLP**


By:_____
    Marc S. Moller, Esq.
    Brian J. Alexander, Esq.
    Justin Green, Esq.
    *Liaison Counsel for PI/WD Plaintiffs*


**CLIFFORD LAW OFFICES**


By:_____
    Robert A. Clifford, Esq.
    Timothy Tomasik, Esq.
    *Liaison Counsel for PD/BL*
    *Plaintiffs*


**GREGORY P. JOSEPH**


By:_____
    Gregory P. Joseph, Esq.
    Douglas J. Pepe, Esq.
    *Counsel for Plaintiffs*


**MOTLEY RICE LLC**


By:_____
    Ronald L. Motley, Esq.
    Jodi Westbrook Flowers, Esq.
    Donald Migliori, Esq.
    Mary Schiavo, Esq.
    Michael Elsner, Esq.
    Robert T. Haefele, Esq.
    Elizabeth Smith, Esq.
    Justin B. Kaplan, Esq.
    *Attorneys for Plaintiffs*


**CONDON & FORSYTH LLP**


By:_____
    Desmond T. Barry, Esq.
    Christopher Christensen, Esq.
    Eric C. McNamar, Esq.
    *Liaison Counsel for Aviation Defendants*


**FLEMMING ZULACK WILLIAMSON**
**ZAUDERER LLP**


By:_____
    Richard A. Williamson, Esq.
    *Liaison Counsel for Ground Defendants*


**SCHIFF HARDIN LLP**


By:_____
    Beth D. Jacob, Esq.
    *Liaison Counsel for WTC7 Ground*
    *Defendants*


17

**STIPULATED AMONG COUNSEL:**

**MICHAEL J. GARCIA**
**United States Attorney for the**
**Southern District of New York**


By:_____
    Beth E. Goldman
    Sarah S. Normand
    Jeannette A. Vargas
    Assistant United States Attorneys
    *Attorneys for the Transportation*
    *Security Administration*


**KREINDLER & KREINDLER LLP**


By:_____
    Marc S. Moller, Esq.
    Brian J. Alexander, Esq.
    Justin Green, Esq.
    *Liaison Counsel for PI/WD Plaintiffs*


**CLIFFORD LAW OFFICES**


By:_____
    Robert A. Clifford, Esq.
    Timothy Tomasik, Esq.
    *Liaison Counsel for PD/BL*
    *Plaintiffs*

**GREGORY P. JOSEPH**


By:_____
    Gregory P. Joseph, Esq.
    Douglas J. Pepe, Esq.
    *Counsel for Plaintiffs*


**MOTLEY RICE LLC**


By:_____
    Ronald L. Motley, Esq.
    Jodi Westbrook Flowers, Esq.
    Donald Migliori, Esq.
    Mary Schiavo, Esq.
    Michael Elsner, Esq.
    Robert T. Haefele
    Elizabeth Smith, Esq.
    Justin B. Kaplan, Esq.
    *Attorneys for Plaintiffs*


**CONDON & FORSYTH LLP**


By:_____
    Desmond T. Barry, Esq.
    Christopher Christensen, Esq.
    Eric C. McNamar, Esq.
    *Liaison Counsel for Aviation Defendants*


**FLEMMING ZULACK WILLIAMSON**
**ZAUDERER LLP**


By:_____
    Richard A. Williamson, Esq.
    *Liaison Counsel for Ground Defendants*


**SCHIFF HARDIN LLP**


By:_____
    Beth D. Jacob, Esq.
    *Liaison Counsel for WTC7 Ground*
    *Defendants*


17

**STIPULATED AMONG COUNSEL:**

**MICHAEL J. GARCIA**
**United States Attorney for the**
**Southern District of New York**


By:_____
    Beth E. Goldman
    Sarah S. Normand
    Jeannette A. Vargas
    Assistant United States Attorneys
    *Attorneys for the Transportation*
    *Security Administration*


**KREINDLER & KREINDLER LLP**


By:_____
    Marc S. Moller, Esq.
    Brian J. Alexander, Esq.
    Justin Green, Esq.
    *Liaison Counsel for PI/WD Plaintiffs*


**CLIFFORD LAW OFFICES**


By:_____
    Robert A. Clifford, Esq.
    Timothy Tomasik, Esq.
    *Liaison Counsel for PD/BL*
    *Plaintiffs*

**GREGORY P. JOSEPH**

By:_____
    Gregory P. Joseph, Esq.
    Douglas J. Pepe, Esq.
    *Counsel for Plaintiffs*

**MOTLEY RICE LLC**


By:_____
    Ronald L. Motley, Esq.
    Jodi Westbrook Flowers, Esq.
    Donald Migliori, Esq.
    Mary Schiavo, Esq.
    Michael Elsner, Esq.
    Robert T. Haefele
    Elizabeth Smith, Esq.
    Justin B. Kaplan, Esq.
    *Attorneys for Plaintiffs*


**CONDON & FORSYTH LLP**


By:_____
    Desmond T. Barry, Esq.
    Christopher Christensen, Esq.
    Eric C. McNamar, Esq.
    *Liaison Counsel for Aviation Defendants*


**FLEMMING ZULACK WILLIAMSON**
**ZAUDERER LLP**


By:_____
    Richard A. Williamson, Esq.
    *Liaison Counsel for Ground Defendants*


**SCHIFF HARDIN LLP**


By:_____
    Beth D. Jacob, Esq.
    *Liaison Counsel for WTC7 Ground*
    *Defendants*

17

**STIPULATED AMONG COUNSEL:**

**MICHAEL J. GARCIA**
**United States Attorney for the**
**Southern District of New York**

By:_____
    Beth E. Goldman
    Sarah S. Normand
    Jeannette A. Vargas
    Assistant United States Attorneys
    *Attorneys for the Transportation*
    *Security Administration*

**KREINDLER & KREINDLER LLP**

By:_____
    Marc S. Moller, Esq.
    Brian J. Alexander, Esq.
    Justin Green, Esq.
    *Liaison Counsel for PI/WD Plaintiffs*

**CLIFFORD LAW OFFICES**

By:_____
    Robert A. Clifford, Esq.
    Timothy Tomasik, Esq.
    *Liaison Counsel for PD/BL*
    *Plaintiffs*

**GREGORY P. JOSEPH**

By:_____
    Gregory P. Joseph, Esq.
    Douglas J. Pepe, Esq.
    *Counsel for Plaintiffs*

**MOTLEY RICE LLC**

By:_____
    Ronald L. Motley, Esq.
    Jodi Westbrook Flowers, Esq.
    Donald Migliori, Esq.
    Mary Schiavo, Esq.
    Michael Elsner, Esq.
    Robert T. Haefele
    Elizabeth Smith, Esq.
    Justin B. Kaplan, Esq.
    *Attorneys for Plaintiffs*

**CONDON & FORSYTH LLP**

By:_____
    Desmond T. Barry, Esq.
    Christopher Christensen, Esq.
    Eric C. McNamar, Esq.
    *Liaison Counsel for Aviation Defendants*

**FLEMMING ZULACK WILLIAMSON**
**ZAUDERER LLP**

By:_____
    Richard A. Williamson, Esq.
    *Liaison Counsel for Ground Defendants*

**SCHIFF HARDIN LLP**

By:_____
    Beth D. Jacob, Esq.
    *Liaison Counsel for WTC7 Ground*
    *Defendants*

17

Dated: New York, New York
      March ___, 2007

SO ORDERED:

Honorable Alvin K. Hellerstein
United States District Judge

18