IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 01-455-A |
| ) | |
| ZACARIAS MOUSSAOUI ) | |

PROTECTIVE ORDER

This matter comes before the Court upon the Government's Motion for Protective Order to prevent the unauthorized disclosure or dissemination of classified national security information and documents which will be reviewed by or made available to, or are otherwise in the possession of, the defendant and/or defense counsel in this case.

Pursuant to the authority granted under Section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 111 (1994) (CIPA); the Security Procedures Established Pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA Section 9); Rules 16(d) and 57 of the Federal Rules of Criminal Procedure; the general supervisory authority of the Court; and in order to protect the national security,

IT IS ORDERED:

1. The Court finds that this case will involve classified national security information, the storage, handling and control

of which requires special security precautions, and access to which requires a security clearance and a "need to know."

2. The purpose of this Order is to establish the procedures that must be followed by all defense counsel of record, their respective defendant(s), all other counsel involved in this case, translators for the defense, any Court personnel, and all other individuals who receive access to classified national security information or documents in connection with this case.

3. The procedures set forth in this Protective Order and the Classified Information Procedures Act will apply to all pre-trial, trial, post-trial, and appellate aspects concerning this case, and may be modified from time to time by further order of the Court acting under Fed. R. Crim. P. 16(d), Sections 3 and 9 of CIPA, and its inherent supervisory authority to ensure a fair and expeditious trial.

4. As used herein, the terms "classified national security information and documents," "classified information" and "classified documents" refer to:

   a. any classified document or information which has been classified by any Executive Branch agency in the interests of national security or pursuant to Executive Order 12958 or its predecessor Orders as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED

INFORMATION (SCI)", or any information contained in such document;

    b.  any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, which has been derived from United States government information that was classified, regardless whether such document or information has subsequently been classified by the government pursuant to Executive Order 12958 or its predecessor Orders as "CONFIDENTIAL", "SECRET", or "TOP SECRET" or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION (SCI)";

    c.  verbal classified information known to the defendant or defense counsel; or

    d.  any document and information as to which the defendant or defense counsel have been notified orally or in writing that such documents or information contains classified information.

    5.  The words "documents" or "information" shall include, but are not limited to, all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include, but are not limited to,

   a. papers; correspondence; memoranda; notes; letters; reports; summaries; photographs; maps; charts and graphs; interoffice and intra-office communications; notations of any sort concerning conversations, meetings, or other communications; bulletins; teletypes, telegrams, and telefacsimiles; invoices; worksheets; and drafts, alterations, modifications, changes and amendments of any kind to the foregoing;

   b. graphic or oral records or representations of any kind, including, but not limited to, photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

   c. electronic, mechanical or electric records of any kind, including, but not limited to, tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

   d. information acquired orally.

   6. All classified documents, and information contained therein, shall remain classified unless the documents bear a clear indication that they have been declassified by the agency or department that is the originating agency of the document or the information contained therein (hereinafter, the "originating agency").

4

7. "Access to classified information" means having access to, reviewing, reading, learning, or otherwise coming to know in any manner any classified information.

8. "Secure area" shall mean a physical facility accredited for the storage, handling, and control of classified information.

9. In accordance with the provisions of CIPA and the Security Procedures, the Court designates Christine E. Gunning as Court Security Officer for this case, and Michael P. Macisso, Charles L. Alliman, Earl D. Hicks, James P. Londergan, and Barbara J. Russell as Alternate Court Security Officers, for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified documents or information to be made available in connection with this case. Defense counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified documents and information.

10. The Court has been advised that the following government attorneys working on this case, Paul J. McNulty, Robert A. Spencer, Kenneth M. Karas, David J. Novak, John W. Van Lonkhuyzen, and Margaret Griffey, have the requisite Security clearances to have access to the classified documents and information that relate to this case. All references to government attorneys, or attorneys for the government, as used in this Order, refer only to the attorneys listed in this paragraph.

11. No defendant, counsel for a defendant, employee of counsel for a defendant, or defense witness shall have access to any classified information involved in this case unless that person shall first have:

    a. received the necessary security clearance as determined by the Department of Justice Security Officer working in conjunction with the CSO, or approval from the Court (as set forth below in paragraph 8), or the Government for access to the particular classified information in question; approval by the Court shall not occur but upon a showing to the Court's satisfaction of a "need to know" the particular classified information; and

    b. signed the Memorandum of Understanding ("MOU") in the form attached hereto agreeing to comply with the terms of this Order.

12. The following attorneys for the defense and their approved employees (collectively referred to herein as "the defense"), shall be given access to classified documents and information as required by the government's discovery obligations and otherwise as necessary to prepare for proceedings in this case: Frank W. Dunham, Jr.; Gerald T. Zerkin; Edward B. MacMahon, Jr., Michael Nachmanoff, Ken Troccoli, Linda McGrew, and Pam Bishop. Any additional person whose assistance the defense reasonably requires may only have access to classified

6

information in this case after obtaining from the Court -- with prior notice to the government -- an approval for access to the appropriate level of classification on a need to know basis, and after satisfying the other requirements described in this order for access to classified information. The substitution, departure, or removal for any reason from this case of defense counsel or anyone associated with the defense as an employee or witness or otherwise, shall not release that person from the provisions of this order or the Memorandum of Understanding executed in connection with this Order.

13. Unless already holding an appropriate security clearance, and approved for access to classified information in this case, for the purpose of establishing security clearances necessary for access to classified information that may be involved in this case, Standard Form 86 ("Security Investigation Data for Sensitive Position"), attached releases, and full fingerprints shall be completed and submitted to the Court Security Officer forthwith by defense counsel, all persons whose assistance the defense reasonably requires, and by such Court personnel as the Court requires for its assistance. The Court Security Officer shall take all reasonable steps to process all security clearance applications.

14. The Court Security Officer shall arrange for an appropriately approved secure area for the use of the defense.

The Court Security Officer shall establish procedures to assure that the secure area is accessible to the defense, and the defendant (if such access should be determined by the Court to be necessary) and authorized witnesses accompanied by defense counsel, during normal business hours and at other times on reasonable request as approved by the Court Security Officer. The secure area shall contain a separate working area for the defense, and will be outfitted with any secure office equipment requested by the defense that is reasonable and necessary to the preparation of the defendant's defense in this case. The Court Security officer, in consultation with defense counsel, shall establish procedures to assure that the secure area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No documents containing classified information may be removed from this secure area unless authorized by the Court Security Officer.

The Court Security Officer shall not reveal to the government the content of any conversations she or he may hear among the defense, nor reveal the nature of documents being reviewed by them, or the work generated by them. In addition, the presence of the Court Security Officer shall not operate as a waiver of, limit, or otherwise render inapplicable, the attorney-client privilege.

15. If it is necessary for a defendant to review or discuss classified matters, or otherwise meet with defense counsel, in the Secure Area, this will only occur under appropriate supervision to ensure that the defendant does not escape, attempt to escape, cause physical injury to himself or others, or remove, copy, alter, or destroy classified information, or obtain access to classified information the defendant is not entitled to review, and to ensure that the defendant does not use the opportunity to review the classified materials to circumvent any applicable security restrictions, including the Special Administrative Measures imposed by the Bureau of Prisons, other prison regulations, and the other orders of this Court governing discovery in this case.

16. Until further order of this Court, any pleading or other document filed by the defense shall be filed under seal with the Court through the Court Security Officer. The time of physical submission to the Court Security Officer shall be considered the date and time of filing. The Court Security Officer shall promptly examine the pleading or documents and, in consultation with representatives of the appropriate agencies, determine whether the pleading or document contains classified information. If the Court Security Officer determines that the pleading or document contains classified information, she or he shall ensure that that portion of the document, and only that

portion, is marked with the appropriate classification marking and that the document remains under seal. Any document filed by the defense that does not contain classified information shall immediately be unsealed by the Court Security Officer and placed in the public record. The Court Security Officer shall immediately deliver under seal to the Court and counsel for the government any pleading or document to be filed by the defense that contains classified information; the Court shall then direct the clerk to enter on the docket sheet the title of the pleading or document, the date it was filed, and the fact that it has been filed under seal with the Court Security Officer.

17. Any pleading or other document filed by the government containing classified information shall be filed under seal with the Court through the Court Security Officer. The date and time of physical submission to the Court Security Officer shall be considered the date and time of the filing.

18. <u>Access to Classified Information.</u> Defense counsel and their employees, and the defendant (if such access should be determined by the Court to be necessary) and defense witnesses when accompanied by defense counsel, shall have access to classified information only as follows:

    a. All classified information produced by the government to the defense, in discovery or otherwise, and all classified information possessed, created, or maintained by the

10

defense, shall be stored, maintained, and used only in the secure area established by the Court Security Officer.

      b. The defense shall have free access to the classified information made available to them in the secure area, and shall be allowed to take notes and prepare documents with respect to those materials.

      c. No person, including the defense, shall copy or reproduce any classified information in any form, except with the approval of the Court Security Officer or in accordance with the procedures established by the Court Security Officer for the operation of the secure area.

      d. All documents prepared by the defense (including without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information, shall be transcribed, recorded, typed, duplicated, copied, or otherwise prepared only by persons who have received an appropriate approval for access to classified information, and in the secure area on approved word processing equipment and in accordance with the procedures approved by the Court Security Officer. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits) containing classified information shall be maintained in the secure area unless and until the Court Security Officer determines that those documents or associated materials

11

are unclassified in their entirety. None of these materials shall be disclosed to counsel for the government.

      e.    The defense shall discuss classified information only within the secure area or in an other area authorized by the Court Security Officer, and shall not discuss classified information over any standard commercial telephone instrument or office intercommunication system.

      f.    The defense shall not disclose, without prior approval of the Court, the contents of any classified documents or information to any person not authorized pursuant to this Order, except the Court, Court personnel, and the attorneys for the government, who have been identified by the Court Security Officer as having the appropriate clearances and the need to know that information. Counsel for the government shall be given an opportunity to be heard in response to any defense request for disclosure to a person not named in this Order. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all terms and conditions of this Order. If preparation of the defense requires that. Classified information be disclosed to persons not named in this Order, the Court Security Officer shall promptly seek to obtain security clearances for them at the request of defense counsel.

g. If counsel for the government advise defense counsel that certain classified information or documents may not be disclosed to the defendant, then defense counsel, employees of defense counsel, and defense witnesses shall not disclose such information or documents to the defendant without prior concurrence of counsel for the government, or, absent such concurrence, prior approval of the Court. Counsel for the government shall be given an opportunity to be heard in response to any defense request for disclosure to the defendant of such classified information.

19. Procedures for the public disclosure of classified information by the defense shall be those provided in Sections 5 and 6 of CIPA. No classified information may be disclosed by the defense except:

a. to the Court, court personnel, and government attorneys and their agents and employees identified by the Court Security Officer as holding proper approvals for access to classified information;

b. to representatives of the agency or department originating the classified information who have been identified by the Court Security Officer as holding proper security clearances and having the need to know the classified information;

  c. in accordance with the procedures of CIPA and the procedures established by the Court Security Officer; and

  d. to persons who have been authorized to have access to classified information pursuant to this Order or to CIPA.

To facilitate the defense filing of notices required under Section 5 of CIPA, the Court Security Officer shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information either within the possession of the defense or about which the defense has knowledge and which the defense intends to use in any way at any pretrial proceeding or at trial. Nothing submitted by the defense to the Court Security Officer pursuant to this paragraph shall be made available to counsel for the government unless so ordered by the Court, or so designated by the defense. Any and all items which are classified shall be listed in the defendant's Section 5 notice.

  20. Any unauthorized disclosure of classified information may constitute violations of United States criminal laws. In addition, any violation of the terms of this Order shall be immediately brought to the attention of the Court and may result in a charge of contempt of Court and possible referral for criminal prosecution. Any breach of this Order will also result in the termination of a person's access to classified information. Persons subject to this order are advised that

direct or indirect unauthorized disclosure, retention, or negligent handling of classified documents or information could cause serious damage, and in some cases exceptionally grave damage, to the national security of the United States or may be used to the advantage of a foreign nation against the interests of the United States. This Order is to ensure that those authorized by the Order to receive classified information will never divulge the classified information disclosed to them to anyone who is not now authorized to receive it, without prior written authorization from the originating agency and in conformity with this Order.

21. Unless otherwise ordered by the Court, with due notice to the government, all classified information to which the defendant, defense counsel, defense counsel employees, or any defense witness has access in this case is now and will remain the property of the government. The defendant, defense counsel, defense counsel employees, and defense witnesses shall return all classified information in their possession obtained through discovery from the government in this case, or for which they are responsible because of access to classified information, upon demand of the Court Security Officer. The notes, summaries, and other documents prepared by the defense that do or may contain classified information shall remain at all times in the custody of the Court Security Officer for the duration of this case. At

the conclusion of this case, all such notes, summaries, and other documents are to be destroyed by the Court Security Officer in the presence of defense counsel.

22. A copy of this Order shall be issued forthwith to counsel for the defendant, who shall be responsible for advising the defendant, defense counsel employees, and defense witnesses of the contents of this Order. The defendant, defense counsel, defense counsel employees, and defense witnesses to be provided access to classified information shall execute the Memorandum of Understanding appended to this Order, and defense counsel shall file executed originals with the Court and the Court Security Officer and serve executed original of such document upon the government. The execution and filing of the Memorandum of Understanding is a condition precedent for the defendant,

defense counsel, defense counsel employees, and defense witnesses to have access to classified information.

ORDERED this 22nd day of January 2002, at Alexandria, Virginia.

/S/
_____
Leonie M. Brinkema
United States District Judge

WE ASK FOR THIS:

Paul J. McNulty
United States Attorney

_____
Robert A. Spencer
Kenneth M. Karas
David J. Novak
Assistant United States Attorneys

17