MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:     SARAH S. NORMAND
        BETH E. GOLDMAN
        JEANNETTE A. VARGAS
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2709/2732/2678
Facsimile: (212) 637-2702
sarah.normand@usdoj.gov
beth.goldman@usdoj.gov
jeannette.vargas@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AMERICAN AIRLINES, INC. et al.,

                              :

               Plaintiffs,

                              :       07 Civ. 7051 (AKH)

   v.

                              :       This case relates to
FEDERAL BUREAU OF INVESTIGATION et al.,    21 MC 101 (AKH)

                              :

               Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF SARAH S. NORMAND

        SARAH S. NORMAND, pursuant to 28 U.S.C. § 1746, declares as follows:

        1.      I am an Assistant United States Attorney in the office of Michael J. Garcia,

United States Attorney for the Southern District of New York, attorney for defendants the

Federal Bureau of Investigation ("FBI") and FBI Director Robert S. Mueller (collectively, the

"Government") in the above-referenced action and the related litigation, In re September 11

Litigation, 21 MC 101 (AKH) (S.D.N.Y.) ("September 11 Litigation").  Together with Assistant

U.S. Attorneys Beth E. Goldman and Jeannette A. Vargas, I have been assigned to defend this

matter, and am fully familiar with the facts pertaining to it.

2.    I submit this declaration in opposition to the summary judgment motion of plaintiffs, a group of air carriers, airport security companies, airport operators and other aviation parties who are defendants in the September 11 Litigation (collectively, the "Aviation Defendants"), seeking to set aside the Department of Justice's ("DOJ's") final determinations declining to authorize the testimony of five current and former FBI agents in the September 11 Litigation, and in support of the Government's cross-motion for summary judgment.

**FBI's Production of Documents and Other Materials in the September 11 Litigation**

3.    Since October 16, 2006, both the plaintiffs (including cross-claim plaintiffs) and the Aviation Defendants in the September 11 Litigation have submitted a number of requests, pursuant to the Department of Justice's "Touhy" regulations, see 28 C.F.R. §16.21 et seq., for the production of FBI records pertaining to the PENTTBOM investigation, the FBI's investigation of the terrorist attacks of September 11, 2001. A true and correct copy of the FBI's initial response to the parties' collective Touhy requests, dated March 16, 2007, is attached hereto as Exhibit A.

4.    The most comprehensive of the requests received from the Aviation Defendants, dated April 13, 2007, numbers more than 20 pages and seeks 270 separate records and categories of records. A true and correct copy of the Aviation Defendants' requests dated April 13, 2007, is attached hereto as Exhibit B.

5.    In response to the parties' collective Touhy requests in the September 11 Litigation, the FBI has produced more than 33,000 pages of documents and other materials, including, among other things, more than 10,000 pages of laboratory photographs and related

information, reports of witness interviews, records related to the hijackers' weapon purchases and flights taken prior to September 11, 2001, investigative reports, documents describing communications with individuals on board the hijacked aircraft, and videotapes.

6.    On May 1, 2007, the Court entered a Non-Waiver Agreement in the September 11 Litigation, with regard to documents or information produced by the FBI in response to the parties' Touhy requests for documents.  A true and correct copy of the non-waiver agreement is attached hereto as Exhibit C.

**The Aviation Defendants' Requests for Deposition Testimony from Government Officials in the September 11 Litigation**

7.    On March 6, 2007, the Aviation Defendants submitted Touhy requests to the Department of Justice, seeking to depose five current and former FBI agents:  Scott Billings, Erik T. Rigler, Michael Rolince, Coleen M. Rowley, and Harry Samit (the "FBI agents").  The United States Attorney for the Southern District of New York denied the Touhy requests on May 7, 2007.

8.    On March 6, 2007, the Aviation Defendants submitted Touhy requests seeking to depose the witnesses identified as "John" and "Mary," respectively, during the trial of Zacarias Moussaoui, United States v. Moussaoui, Crim. No. 01-455-A (E.D. Va.) (appeal pending).  On May 1, 2007, the Central Intelligence Agency's ("CIA's") Office of General Counsel denied these requests pursuant to the CIA's Touhy regulations, see 32 C.F.R. Part 1905. True and correct copies of the Aviation Defendants' requests to depose "John" and "Mary," and the CIA's letter of May 1, 2007, are attached hereto as Exhibits D, E and F, respectively.

9.    The Aviation Defendants filed the instant lawsuit on August 7, 2007,

challenging the United States Attorney's final Touhy determinations denying the Aviation

Defendants' requests to depose the FBI agents in the September 11 Litigation.  On the same date,

the Aviation Defendants filed a separate lawsuit against the CIA and CIA Director Michael V.

Hayden, challenging the CIA's final Touhy determination denying the Aviation Defendants'

requests to depose "John" and "Mary" in the September 11 Litigation.

       10.     The FBI timely answered the complaints in the instant case and in the

related action against the CIA, on October 9, 2007.  The Aviation Defendants filed their motion

for summary judgment in this action on April 28, 2008, but did not file any such motion in the

related action against the CIA and Director Hayden.

       11.     On August 23, 2007, the Aviation Defendants submitted a Touhy request

to the Department of Justice, seeking to depose Behrooz Sarshar, a former FBI translator who

according to the request was assigned to the FBI's Washington Field Office in the spring of

2001.  The United States Attorney for the Southern District of New York denied the Touhy

request on January 7, 2008.  True and correct copies of the Aviation Defendants' Touhy request

to depose Mr. Sarshar, and the Department of Justice's response, are attached hereto as Exhibits

G and H, respectively.

       12.     On May 5, 2008, the Aviation Defendants submitted further Touhy

requests to depose Kenneth Williams, an FBI Special Agent in Phoenix, Arizona, who authored

the so-called "Phoenix memo," and John Anthony, a former Federal Aviation Administration

("FAA") inspector who had contact with 9/11 hijacker Hani Hanjour.  True and correct copies of

these Touhy requests are attached hereto as Exhibits I and J, respectively.

       13.     In addition, although they have not yet submitted formal Touhy requests,

the Aviation Defendants have indicated an intent to seek the depositions of multiple intelligence

specialists with the FAA and/or liaisons between the FAA and the Intelligence Community prior

to September 11, 2001.  A true and correct copy of the July 25, 2007 letter of Roger Podesta,

Esq., attaching a List of Present and Former FAA Employees Whose Deposition Is Requested By

Aviation Defendants, is attached hereto as Exhibit K.  Of the FAA employees identified on this

list, John Hawley, Jack Salata, Robert White, and James Padgett worked in or with FAA's Office

of Civil Aviation Security - Intelligence.

14.    Further, the FAA and the Transportation Security Administration ("TSA")

have authorized certain current and former agency officials to provide deposition testimony in the

September 11 Litigation.  On January 25, 2008, former FAA Special Agent David Peterson

testified regarding his testing of certain walk-through metal detectors at Logan Airport following

the terrorist attacks on September 11, 2001.  On February 11 and 12, 2008, current TSA

employee (and former FAA employee) Robert Cammaroto provided Rule 30(b)(6) testimony on

multiple topics largely related to the FAA-mandated screening procedures in effect on September

11, 2001.

15.    On June 16, 2008, the FAA and TSA issued a final Touhy determination,

among other things, authorizing deposition testimony by FAA employee Claudio Manno

regarding certain topics, including pre-September 11 threat information communicated to the

Aviation Defendants.  A true and correct copy of the FAA's and TSA's June 16, 2008 letter is

attached hereto as Exhibit L.

**Depositions in the September 11 Litigation Implicating Sensitive Security Information**

16.    Depositions in the September 11 Litigation, most of which are of current

or former employees of the Aviation Defendants, commenced on September 12, 2006.

17.    On March 21, 2007, the Court entered the Stipulated Protective Order Governing Access to, Handling of, and Disposition of Potential Sensitive Security Information ("SSI"), which order permits the disclosure of SSI in certain limited circumstances.  A true and correct copy of the Stipulated Protective Order is attached hereto as Exhibit M.

18.    Each deposition in the September 11 Litigation potentially implicating SSI has been attended by a TSA security expert and counsel representing TSA.  To identify SSI in deposition questions and answers, TSA's security expert relies heavily on the documents that TSA has previously reviewed and redacted in the September 11 Litigation, which documents are available in searchable electronic format during the deposition.  Only a very limited amount of SSI has been implicated in the depositions that have taken place to date.  Accordingly, TSA's security expert rarely has been called upon during the course of a deposition to make on-the-spot determinations as to what constitutes SSI.

19.    Notwithstanding the presence of a TSA security expert and counsel, SSI has been disclosed inadvertently in more than twenty depositions in the September 11 Litigation.  These inadvertent disclosures of SSI have occurred in a variety of contexts.  Sometimes the witness blurts out SSI that does not appear to be responsive to the question, and thus could not have been anticipated by TSA.  Other times it is not clear from the question whether or not the answer will implicate SSI, and ultimately it does.  Sometimes the TSA security expert or counsel fails to anticipate that the question calls for SSI, or the witness responds before TSA counsel has had an opportunity to object.  Other times the sensitivity of the information becomes apparent only after the question and answer are read in context, during TSA's post-deposition transcript

review.  SSI has also been revealed inadvertently by counsel taking the depositions.  All of these

scenarios have occurred, resulting in the inadvertent disclosure of SSI to the dozens of attorneys

who attend depositions in this case.

20.    Once released, the information is at risk of further dissemination.  There

has been at least one occasion when attorneys present during a deposition at which SSI was

inadvertently revealed have made further unauthorized disclosures of the information

inadvertently revealed during the deposition.

**Other Documents Cited in the Government's Memorandum of Law**

21.    The OIG Report.  Attached hereto as Exhibit N is a true and correct copy

of the report of the Department of Justice's Office of the Inspector General, entitled "A Review

of the FBI's Handling of Intelligence Information Related to the September 11 Attacks

(November 2004)" ("OIG Report"), Chapter 3, concerning the Phoenix memo.  Attached hereto

as Exhibit O is a true and correct copy of the Phoenix memo annexed as an appendix to the OIG

Report.  Attached hereto as Exhibit P is a true and correct copy of Chapter 5 of the OIG Report,

concerning intelligence regarding hijackers al-Hazmi and al-Mihdhar.

22.    Documents Relating to Special Agent Rigler's Access to Classified

Information in the Moussaoui Case.  Attached hereto as Exhibit Q is a true and correct copy of

the Order to Amend Access to Classified National Security Information entered in United States

v. Moussaoui, Crim. No. 01-455-A (E.D. Va.).  Attached hereto as Exhibit R is a true and correct

copy of the Protective Order dated January 22, 2002, in United States v. Moussaoui.  Attached

hereto as Exhibit S is a true and correct copy of the Memorandum of Understanding Regarding

Receipt of Classified Information, signed by former FBI Special Agent Erik T. Rigler on

November 19, 2005, in <u>United States v. Moussaoui</u>.

23.    <u>Exhibits Admitted Into Evidence in the Moussaoui Trial</u>.  Attached hereto as Exhibit T is a true and correct copy of Government Exhibit 1 in <u>United States v. Moussaoui</u>, entitled "Statement of Facts."  Attached hereto as Exhibit U is a true and correct copy of Defendant's Exhibit 810 in <u>United States v. Moussaoui</u>, entitled "Moussaoui, Zacarias; IT - OTHER."  Attached hereto as Exhibit V is a true and correct copy of Government Exhibits 1101 and 1101T in <u>United States v. Moussaoui</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    New York, New York
          June 17, 2008

                    s/ Sarah S. Normand
                    SARAH S. NORMAND
                    Assistant United States Attorney