UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
AMERICAN AIRLINES, INC., ET AL.,                :
                                                :    07 Civ. 7051 (AKH)
       Plaintiffs,                              :
                                                :
       - against -                             :    THIS DOCUMENT RELATES TO:
                                                :
FEDERAL BUREAU OF INVESTIGATION,                :    21 MC 101 (AKH)
ET AL.,                                         :
       Defendants                               :
                                                :
------------------------------ X

## THE AVIATION PARTIES' RESPONSE TO THE GOVERNMENT'S COUNTERSTATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Local Civil Rule 56.1(a) of the United States District Court for the Southern District of New York, Plaintiffs American Airlines, Inc.; AMR Corporation; United Air Lines, Inc.; UAL Corporation; US Airways Group, Inc.; US Airways, Inc.; Delta Air Lines, Inc.; Continental Airlines, Inc.; AirTran Airways, Inc.; Colgan Air, Inc.; Argenbright Security, Inc.; Globe Aviation Services Corporation; Huntleigh USA Corporation; Burns International Services Corporation; Burns International Security Services Corporation; Pinkerton's Inc.; ICTS International NV; The Boeing Company; the Massachusetts Port Authority; the Metropolitan Washington Airport Authority; and the Port Authority of New York and New Jersey (collectively, "the Aviation Parties") respond to the Government's Counterstatement of Undisputed Material Facts Pursuant to Local Rule 56.1 in Support of the Government's Motion for Summary Judgment, without

conceding either the relevance or the materiality of any of the purported "facts" contained therein, as follows:

1. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

2. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

3. The Aviation Parties admit this assertion.

4. The Aviation Parties admit this assertion.

5. The Aviation Parties admit this assertion.

6. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

7. The Aviation Parties admit this assertion.

8. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

9. The Aviation Parties admit this assertion.

10. The Aviation Parties admit this assertion.

11. The Aviation Parties admit this assertion.

12. The Aviation Parties admit this assertion.

13. The Aviation Parties admit this assertion only insofar as it recites the Government's response to the Aviation Parties' *Touhy* requests. The assertion is denied insofar as it reflects a determination by the Government that the Aviation Parties contest as arbitrary and capricious. *See* Memorandum of Law in Support of the Aviation Parties'

Motion for Summary Judgment Setting Aside the Federal Bureau of Investigation's Refusal to Allow the Depositions of Certain Witnesses and Reply Memorandum of Law in Support of the Aviation Parties' Motion for Summary Judgment Setting Aside the Federal Bureau of Investigation's Refusal to Allow the Depositions of Certain Witnesses and in Opposition to the Government's Cross-Motion for Summary Judgment (collectively, "Aviation Parties' Memoranda of Law").

14. The Aviation Parties object to this assertion insofar as it recites a conclusion of law rather than a statement of material fact as is required by Local Civil Rule 56.1(a) of the Local Civil Rules of the United States District Court for the Southern District of New York. *See* Local Civil Rule 56.1(a).

15. The Aviation Parties admit this assertion only insofar as it recites the Government's response to the Aviation Parties' *Touhy* requests. The assertion is denied insofar as it reflects a determination by the Government that the Aviation Parties contest as arbitrary and capricious. *See* Aviation Parties' Memoranda of Law.

16. The Aviation Parties admit this assertion only insofar as it recites the Government's response to the Aviation Parties' *Touhy* requests. The assertion is denied insofar as it reflects a determination by the Government that the Aviation Parties contest as arbitrary and capricious. *See* Aviation Parties' Memoranda of Law.

17. The Aviation Parties admit this assertion only insofar as it recites the Government's response to the Aviation Parties' *Touhy* requests. The assertion is denied insofar as it reflects a determination by the Government that the Aviation Parties contest as arbitrary and capricious. *See* Aviation Parties' Memoranda of Law.

18. The Aviation Parties admit this assertion only insofar as it recites the Government's response to the Aviation Parties' *Touhy* requests. The assertion is denied insofar as it reflects a determination by the Government that the Aviation Parties contest as arbitrary and capricious. *See* Aviation Parties' Memoranda of Law.

19. The Aviation Parties admit this assertion only insofar as it recites the Government's response to the Aviation Parties' *Touhy* requests. The assertion is denied insofar as it reflects a determination by the Government that the Aviation Parties contest as arbitrary and capricious. *See* Aviation Parties' Memoranda of Law.

20. The Aviation Parties admit this assertion only insofar as it recites the Government's response to the Aviation Parties' *Touhy* requests. The assertion is denied insofar as it reflects a determination by the Government that the Aviation Parties contest as arbitrary and capricious. *See* Aviation Parties' Memoranda of Law.

21. The Aviation Parties admit this assertion only insofar as it recites the Government's response to the Aviation Parties' *Touhy* requests. The assertion is denied insofar as it reflects a determination by the Government that the Aviation Parties contest as arbitrary and capricious. *See* Aviation Parties' Memoranda of Law.

22. The Aviation Parties state that they have insufficient information to admit or deny this assertion. The Aviation Parties further state that each of the five FBI Witnesses (Scott Billings, Erik Rigler, Michael Rolince, Coleen Rowley, and Harry Samit) has publicly disclosed factual information related to al Qaeda's plot to carry out the September 11 terrorist attacks. *See* Exs. 13-14, 17-18, and 20-22 to the Declaration of Desmond T. Barry, Jr., dated April 28, 2008 ("Barry Decl. I"); National Commission

on Terrorist Attacks Upon the United States, *9/11 Comm'n Report,* at 273-276, 536 n.54, 537 n.64, 540 n.94.

23. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

24. The Aviation Parties deny the assertion contained in the first sentence of paragraph 24. The Aviation Parties are not seeking any classified or law enforcement sensitive information. *See* Declaration of Desmond T. Barry, Jr., dated July 1, 2008, at ¶ 3 ("Barry Decl. II"). The Aviation Parties state that they have insufficient information to admit or deny the assertion contained in the second sentence of paragraph 24.

25. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

26. The Aviation Parties deny this assertion. The Aviation Parties are not seeking any classified or law enforcement sensitive information. *See* Barry Decl. II, at ¶ 3. In addition, the Aviation Parties are willing to work with the Government to establish safeguards to prevent the potential inadvertent disclosure of any classified or law enforcement sensitive information. *See* Barry Decl. II, at ¶ 3.

27. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

28. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

29. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

30. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

31. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

32. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

33. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

34. The Aviation Parties state that they have insufficient information to admit or deny this assertion. The Aviation Parties object to this assertion insofar as it recites a conclusion of law rather than a statement of material fact as is required by Local Civil Rule 56.1(a) of the Local Civil Rules of the United States District Court for the Southern District of New York. *See* Local Civil Rule 56.1(a).

35. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

36. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

37. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

38. The Aviation Parties admit that a set of factual stipulations was used in the Moussaoui case. The Aviation Parties state that they have insufficient information to admit or deny the remaining assertions contained in paragraph 38.

39. The Aviation Parties admit that substitutes for the testimony of government employees "John" and "Mary" were used in the Moussaoui case. The Aviation Parties state that they have insufficient information to admit or deny the remaining assertions contained in paragraph 39.

40. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

41. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

42. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

43. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

44. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

45. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

46. The Aviation Parties deny this assertion insofar as the Aviation Parties are not seeking any classified or law enforcement sensitive information. *See* Barry Decl. II, at ¶ 3. In addition, the Aviation Parties are willing to work with the Government to

establish safeguards to prevent the potential inadvertent disclosure of any classified or law enforcement sensitive information, including providing the Government with detailed written outlines containing the questions the Aviation Parties intend to ask of each identified FBI witness in advance of his or her deposition. *See* Barry Decl. II, at ¶ 3. The Aviation Parties further state that the burden on the FBI and Intelligence Community will be significantly diminished here because the Aviation Parties will be asking questions regarding matters that have already been publicly disclosed. *See* Exs. 13-14, 17-18, 20-22; *9/11 Comm'n Report,* at 273-276, 536 n.54, 537 n.64, 540 n.94.

47. The Aviation Parties admit this assertion.

48. The Aviation Parties admit this assertion insofar as it states that "[o]nly a very limited amount of SSI has been implicated in the depositions that have taken place to date." The Aviation Parties state that they have insufficient information to admit or deny the remaining assertions in paragraph 48.

49. The Aviation Parties state that they have insufficient information to admit or deny this assertion.

Dated: July 1, 2008
New York, New York

Respectfully submitted,

CONDON & FORSYTH LLP

By: _____
    Desmond T. Barry, Jr. (DB-8066)
7 Times Square
New York, NY 10036
Telephone: (212) 490-9100
Facsimile: (212) 370-4453
dbarry@condonlaw.com

*Aviation Defendants' Liaison Counsel*