

# KREINDLER & KREINDLER LLP

Harry E. Kreindler (1919-1984)
Lee S. Kreindler (1949-2003)
Marc S. Moller
Steven R. Pounian
James P. Kreindler
David C. Cook
David Beekman
Blanca I. Rodriguez
Noah H. Kushlefsky
Robert J. Spragg
Brian J. Alexander
Justin T. Green
Andrew J. Maloney, III
Daniel O. Rose
Gretchen M. Nelson*
Stuart R. Fraenkel*

Francis G. Fleming
Paul S. Edelman
Milton G. Sincoff
Mark I. Labaton*
    Counsel

100 Park Avenue
New York, NY 10017-5590
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

Susan A. Friery, M.D.°
Brendan S. Maher
Susan D. Bainnson
Vincent I. Parrett
William O. Angelley
Michael R. Sherwin⁺
Hilary B. Taylor°

California Office
707 Wilshire Boulevard
Suite 5070
Los Angeles, CA 90017-3613
(213) 622-6469
Fax: (213) 622-6019

*Admitted in CA only
♦Admitted in MA & DC only
⁺Admitted in OH only
°Admitted in CA & LA only

March 9, 2006

**VIA FACSIMILE AND EMAIL**

Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re:  In Re September 11th Tort Litigation
     **21 MC 97 (AKH) & 21 MC 101 (AKH)**

Dear Judge Hellerstein:

Pursuant to your request at the March 3, 2006 Status Conference, the parties have attempted to develop a "protocol" for the party and non-party depositions now scheduled to commence in the first week of April. Our desire to reach a consensus has been complicated by the position of the TSA concerning Sensitive Security Information ("SSI"), as reiterated by Beth Goldman speaking on behalf of the TSA and Department of Justice at the March 3rd conference. The TSA has steadfastly refused to attend the depositions and to assert any objection it may have to answers that it feels may involve non-disclosable SSI.

The Plaintiffs in the wrongful death and property damage cases and the WTCP Cross-Claim Plaintiffs believe the deposition protocol should track Fed. R. Civ. P. Rule 30(c). Plaintiffs propose to ask the witness questions and expect the witness to answer unless instructed by defense counsel not to answer the question. Once an objection to a question is placed on the record, assuming it is to the form of the question, the questioner can cure the objection, and the witness can answer. If the objection is coupled with an instruction not to answer because the answer may involve the disclosure of SSI, the questioner would move

Honorable Alvin K. Hellerstein
March 9, 2006
Page Two

on to the next question. All objections and exceptions to questions shall be deemed preserved. The questioners, assuming they are counsel for plaintiffs, will decide whether to seek a ruling on the objections. Application for rulings may be made to the District Court or to the Court of Appeals.

The Aviation Defendants, through their Liaison Counsel, have indicated that this protocol does not eliminate their concerns about the conflict position in which defendants and defense counsel will find themselves at these depositions. As the Court recognized at the conference held on March 3, 2006, defense counsel have competing obligations. On the one hand, as Ms. Goldman indicated at the March 3rd conference, it is TSA's position that "if [defense counsel] have any doubts [about whether a witness' testimony would implicate SSI], there is no doubt that their obligation is to say that there is an SSI objection." March 3, 2006 Tr. at 52. But, defense counsel assert they have a duty of zealous advocacy and an obligation to ensure that the record reflects the most accurate, complete, and persuasive account of their clients' actions. In defendants' view, the proposed protocol does nothing to resolve the untenable position in which defense counsel would find themselves if they attend a deposition both as enforcers of government policy on the non-disclosure of SSI and as attorneys providing effective representation to their clients, who would otherwise be entitled to have their counsel elicit favorable testimony. Defendants have argued that much of what the TSA has identified as SSI is directly relevant to the exclusive standard of care governing their conduct on September 11, 2001 and is at the heart of their defense.

Plaintiffs believe that in analyzing the defendants' perceived conflict it is important to note the distinction between the defense counsels' role at depositions of party witnesses and non-party witnesses. While plaintiffs understand defendants' concern when their own party witnesses are questioned no "conflict" exists when non-party witnesses are deposed. A non-party witness simply answers a question unless instructed by his personal counsel not to do so.

The Aviation Defendants have expressed a concern that defense counsel's enlistment by the TSA as protectors of SSI in the deposition room presents concerns even at non-party depositions. First, many of the so-called "non-parties" are former employees of defendants; they came into possession of SSI through their association with defendants. Moreover, it appears to be the TSA's position that no matter who the witness is, counsel with knowledge of SSI have an obligation to prevent the disclosure of SSI. Thus, defense counsel attending a non-party deposition are in the unenviable position of having an obligation to prevent disclosure of SSI and no real ability to do so because a lawyer cannot compel a non-client to heed instructions not to answer. Moreover, since a question asked of a non-party witness could certainly elicit SSI as part of the response, defense counsel believe they would have to formulate questions in a way that would not elicit such information. Such a filter clearly conflicts with their obligation to their client to elicit favorable testimony from non-party witnesses.

Honorable Alvin K. Hellerstein
March 9, 2006
Page Three

Clearly, the issues addressed in this letter are the result of TSA's refusal to attend the depositions and protect its interest in the non-disclosure of SSI. Plaintiffs believe it is ironic that TSA, after having moved by Order to Show Cause in June, 2002 to intervene to protect what it deemed SSI and having attended every status conference to represent that interest, now refuses to participate in the important deposition phase of the case. Plaintiffs offer for your consideration the point that if TSA refuses to attend the depositions that no SSI based objection to oral testimony is required or permissible. Plaintiffs believe it would be an unconstitutional burden to impose upon counsel the responsibility to "guess" what answers might involve disclosure of SSI at the risk of statutory and regulatory penalties. In short, if TSA elects not to attend the depositions, plaintiffs may ask the Court to rule that TSA has waived SSI-based objections to witnesses' oral answers. Plaintiffs' position is that the only SSI in this litigation is in documents that TSA has vetted.

Defendants agree that proceeding with these depositions in the absence of the TSA would impose a heavy burden on defense counsel, but believe that plaintiffs' suggestion that the Court find that the TSA has waived objections to all oral answers misstates the nature of SSI and the statutory and regulatory obligation to avoid disclosure of SSI.

As the Court suggested, as respective Liaison Counsel we are sending a copy of this letter to Beth Goldman and through her invite the TSA to reconsider its position on attending the depositions.

Respectfully yours,

Marc S. Moller
Plaintiffs' Liaison Counsel

and

Desmond T. Barry, Jr.
Aviation Defendants' Liaison Counsel

MSM:fg
cc: All Liaison Counsel (Via Facsimile)
    Robert A. Clifford, Esq.
    Richard A. Williamson, Esq.
    Beth D. Jacob, Esq.

    Beth E. Goldman, Esq. (Via Facsimile)
    Sarah S. Normand, Esq. (Via Facsimile)
    Assistant U.S. Attorneys, U.S. Department of Justice

    All Plaintiffs' Counsel (Via Facsimile)