UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                                        :

AMERICAN AIRLINES, INC., ET AL.,        :      07 Civ. 7051 (AKH)
        Plaintiffs,                                   :

      -against-                                  :      This document relates to:
                                                 :      21 MC 101 (AKH)
FEDERAL BUREAU OF INVESTIGATION, :
ET AL.,                                            :
        Defendants.                             :
                                                 :
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO THE GOVERNMENT'S CROSS-MOTION FOR SUMMARY JUDGMENT AFFIRMING THE FEDERAL BUREAU OF INVESTIGATION'S REFUSAL TO ALLOW THE DEPOSITIONS OF CERTAIN WITNESSES

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
|     DEFENDANTS' MOTION SHOULD BE DENIED, BUT THE GOVERNMENT LACKS STANDING ON THE ADMISSIBILITY IN THE SEPTEMBER 11 LITIGATION OF THE COMMISSION REPORT AND THE MOUSSAOUI SENTENCING TESTIMONY | 2 |
| CONCLUSION | 5 |

## TABLE OF AUTHORITIES

**Cases**                                                                                                                  **Page**

## **PRELIMINARY STATEMENT**

The WTCP Plaintiffs and the Wrongful Death and Bodily Injury Plaintiffs (collectively "Plaintiffs") in *In re September 11 Business Loss and Property Damage Litig.*, 21 MC 101 (AKH) (the "September 11 Litigation") respectfully submit this memorandum of law in opposition to the gratuitous argument by the government in its cross-motion for summary judgment.

By way of its cross-motion, the government asks the Court to uphold the decision of the Federal Bureau of Investigation denying the Aviation Defendants' request to depose five FBI witnesses (the "FBI Witnesses) in the September 11 Litigation.[1] Plaintiffs agree that the Court should affirm the FBI's decision but submit this brief to address the government's unnecessary and improper suggestion that the Court should find certain materials – namely, *The 9/11 Commission Report, Final Report of the National Commission on Terrorist Attacks Upon the United States* (the "Commission Report") and the former testimony that the FBI Witnesses gave in the sentencing trial of Zacarias Moussaoui (the "*Moussaoui* Sentencing Testimony") – admissible in the September 11 Litigation.

---

[1] This Court authorized the Plaintiffs to appear in this action for the purposes of opposing the Aviation Defendants' motion for summary judgment. *See* Plaintiffs' Memorandum of Law in Opposition to the Motion of the Aviation Defendants for Summary Judgment Setting Aside the Federal Bureau of Investigation's Refusal to Allow the Depositions of Certain Witnesses ("Plaintiffs' Br."), at 1. Additionally, by Order dated May 23, 2008, the Court specifically authorized Plaintiffs to submit a brief in response to the government's cross-motion for summary judgment.

## ARGUMENT

## DEFENDANTS' MOTION SHOULD BE DENIED, BUT THE GOVERNMENT LACKS STANDING ON THE ADMISSIBILITY IN THE SEPTEMBER 11 LITIGATION OF THE COMMISSION REPORT AND THE MOUSSAOUI SENTENCING TESTIMONY

In its cross-motion for summary judgment, the government argues that its decision to deny the Aviation Defendants' deposition requests was not arbitrary and capricious, or otherwise improper, because the burdens on the government far outweigh the relevance of the proposed testimony. Plaintiffs agree. As the government aptly observes (Govt's Br. at 52), the Aviation Defendants seek "vast amounts of patently irrelevant information from the FBI about threat and intelligence information not communicated to the Aviation Defendants or the FAA," and the burdens on the government of having to prepare for and defend the depositions of the five FBI Witnesses would be "extraordinary" (Govt's Br. at 2, 22).

As we demonstrated in opposing Defendants' motion, the proposed testimony of the five FBI Witnesses is irrelevant and unnecessary in the September 11 Litigation.[2] Moreover, the "procedural safeguards" that Defendants propose to ease the government's burden of protecting against the disclosure of classified national security information and information protected by the law enforcement privilege in connection with any depositions (Aviation Defendants' Reply Br. at 39) are absurd. Although Defendants may be willing to submit their questions to the government

---

[2] Defendants argued in their reply to the government's brief that Plaintiffs' brief "require[s] no separate response" (Aviation Defendants' Reply Br. at 46 n.26) – failing to address at all our showing that their arguments were wrong as a matter of law. Indeed, the Defendants' reply brief continues to cite the very same cases from their moving brief that we had distinguished in our opposition. For example, the Defendants continue to rely (Aviation Defendants' Reply Br. at 5, 25 n.16) on *Eiseman v. State*, 70 N.Y.2d 175, 518 N.Y.S.2d 608 (1987); *Leonardi v. Loyola Univ.*, 168 Ill. 2d 83, 658 N.E.2d 450 (1995); and *Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512 (S.D.N.Y. 2003), cases that Plaintiffs previously showed were inapposite (Plaintiffs' Br. at 17 n.12, 25 n.16).

2

in advance of the depositions so that the government can review the questions and advise whether they "are problematic from the perspective of national security or privilege" – a time-consuming procedure in itself – cross-examination cannot be vetted in advance. However, the Court need not reach the question of whether there is any procedure that would address the government's security concerns while, at the same time, preserving Plaintiffs' vital cross-examination rights because, as both the government and Plaintiffs have shown, the information that the Aviation Defendants seek to elicit is all irrelevant and unnecessary in the September 11 Litigation.

The burdens the depositions would impose on the government alone provide "sufficient reason" for the Court to affirm the FBI's decision. *See* Govt's Br. at 3. Instead of concluding its argument there, however, the government inexplicably continues on to opine on the admissibility of the Commission Report and the *Moussaoui* Sentencing Testimony in the September 11 Litigation. According to the government, the information that the Defendants seek to elicit from the five FBI Witnesses is equally available in the Commission Report and in the *Moussaoui* Sentencing Testimony. As a result, the government urges the Court to find that the *Moussaoui* Sentencing Testimony is admissible in the September 11 Litigation, claiming that such a finding would "obviate the need . . . for burdensome depositions to go forward." Govt's Br. at 68. While purporting to "take[] no position" with respect to the admissibility of the Commission Report, the government also argues that the facts contained in that report are "entitled to a presumption of reliability." Govt's Br. at 67. These gratuitous remarks by the government concerning the admissibility of evidence in the September 11 Litigation are improper and should be disregarded.

3

As the government knows, the admissibility of the Commission Report and the *Moussaoui* Sentencing Testimony is the subject of separate motions currently pending before this Court. In the briefing on that motion, Plaintiffs explained in depth that the Commission Report and the *Moussaoui* Sentencing Testimony are *inadmissible* in the September 11 Litigation because those materials constitute inadmissible hearsay or are otherwise inadmissible under Federal Rule of Evidence 403. *See* Plaintiffs' Memorandum of Law in Opposition to the Aviation Defendants' 9/11 Commission Motion; WTCP Plaintiffs' and Wrongful Death and Bodily Injury Plaintiffs' Memorandum of Law in Opposition to the Aviation Defendants' Motion for a Hearsay Exception Under Federal Rule of Evidence 807 for Former Testimony of FBI Witnesses at the Moussaoui Sentencing Trial. The government – which is not a party to the September 11 Litigation and which has intervened in that matter solely for the purpose of protecting SSI – lacks standing to weigh in on that disputed evidentiary question.

## CONCLUSION

For all of the above reasons, as well as the reasons set forth in Plaintiffs' opposition brief, the FBI's decision should be affirmed, the Aviation Defendants' motion for summary judgment should be denied and the government's cross-motion for summary judgment granted. The question of the admissibility of the Commission Report and the *Moussaoui* Sentencing Testimony should be decided in the context of the separate motions on that issue, without regard to the government's gratuitous endorsement of their admissibility.

Date:  July 18, 2008
       New York, New York


FLEMMING ZULACK WILLIAMSON ZAUDERER LLP

By: _____/s/_____
       Richard A. Williamson, Esq. (RW-3033)

One Liberty Plaza
New York, New York  10006
(212) 412-9500

*Liaison Counsel for Property Damage Plaintiffs*
*World Trade Center Properties LLC*
*1 World Trade Center LLC*
*2 World Trade Center LLC*
*3 World Trade Center LLC,*
   *formerly known as 5 World Trade Center LLC*
*4 World Trade Center LLC*
*7 World Trade Company, L.P.*
*Port Authority of New York and New Jersey*
       *-and-*
*Liaison Counsel for the Ground Defendants*

MOTLEY RICE LLC

By: _____/s/_____
    Donald A. Migliori, Esq.

321 South Main St., Suite 200
Providence, RI 02903
(401) 457-7700

*Liaison Counsel for the Wrongful Death and Bodily Injury Plaintiffs*